# LAMBERT v. SLOOP *et al.*

No. 7176.   Opinion Filed July 25, 1916.

(159 Pac. 482.)

PLEADING—Judgment on Pleadings—Reply—Sufficiency.   In an action upon a promissory note the petition was substantially in the statutory form, alleging briefly the execution of the note, that certain payments had been made, which were indorsed thereon, and that there was still due and owing the plaintiff from the defendant a certain stated sum.   The answer of the defendant admitted the execution of the note, and by way of affirmative defense alleged in substance that subsequent to the execution and delivery of the note, and prior to the commencement of the action, the plaintiff, for a valuable consideration, entered into an oral agreement with the defendant and other joint and several makers of the note, to the effect that each of said makers should be liable severally for a certain specified and definite amount of said note, and that upon payment of such amount by any of said makers the liability of such maker should cease and be extinguished; that the defendant upon the date shown by the indorsement of payments upon a copy of the note attached to plaintiff's petition made payment in full according to the terms of the latter agreement and thereby became discharged from any further liability upon said note.   The reply is in words and figures as follows: "Plaintiff for reply to the answer of Sam C. Lambert denies each and every allegation therein contained inconsistent with the allegations of plaintiff's petition; and alleges that the matters and things set up therein are no defense to plaintiff's cause of action."   Thereafter motion for judgment on the pleadings was filed by the defendant, upon the ground that neither the answer filed by the defendant nor the reply filed by the plaintiff thereto raised or joined any issue to be tried in this case, which motion on the same day was overruled by the court.   Thereafter, and on the same day, said cause came on for trial by the court, the plaintiff offering in evidence the original note sued on in said action, and which was the only evidence offered or introduced at said trial.   Said defendant electing to stand upon his motion for judgment upon the pleadings, offering no evidence in support of the allegations contained in his answer, the court rendered judgment in favor of the plaintiff and embodied in the journal entry of judgment his ruling upon the motion for judgment on the pleadings.   **Held,** that the reply, in absence of a motion to make more definite and certain, or other attack which, if sustained, would afford the pleader an opportun-

ity to amend, was sufficient to put in issue the allegations of defensive new matter contained in the answer.

(Syllabus by the Court.)

*Error from District Court, Alfalfa County;*
*James B. Cullison, Judge.*

Action by B. Sloop against Sam C. Lambert and another. Judgment for plaintiff, and named defendant brings error. Affirmed.

*Titus & Talbot,* for plaintiff in error.

*H. C. Kirkendall* and *E. C. Wilcox,* for defendants in error.

KANE, C. J. This was an action upon a promissory note, commenced by the defendant in error B. Sloop, against the plaintiffs in error Sam C. Lambert, S. H. Blackburn, B. P. McKee, and F. O. Ceideburg. The jurisdiction of Ceideburg and Blackburn was not obtained by process, appearance, or otherwise, and no judgment was rendered as to them. The defendant McKee, although duly served with summons, took no part in the proceeding in the trial court, and judgment was therefore entered against him.

The question for review being wholly between the plaintiff Sloop and the defendant Lambert, no reference hereafter will be made to the other defendants and the remaining parties. Sloop and Lambert will be designated as "plaintiff" and "defendant," respectively, as they appeared in the court below.

The petition was substantially in the statutory form, stating briefly the execution of the note, that certain payments had been made thereon, and that there was due and owing the plaintiff a certain sum. The answer of the defendant was to the effect that, subsequent to the execu-

tion and delivery of the note, and prior to the institution of this action, the plaintiff and each and all of the defendants entered into an agreement with one another, for mutual valuable considerations, whereby said defendants and each of them should be liable severally for a specified and definite amount of said note, and upon the payment by any of the defendants of such amount the liability of such defendant should thereupon cease and be extinguished; that the defendant upon the date shown by the indorsement of payments upon the copy of said note attached to plaintiff's petition, made payment in full, in pursuance of the terms of said latter agreement and thereby became discharged from any further liability upon said note.

Plaintiff's reply, omitting formal parts, is as follows:

"Plaintiff for reply to the answer of Sam C. Lambert denies each and every allegation therein contained inconsistent with the allegations of plaintiff's petition, and alleges that the matters and things set up therein are no defense to plaintiff's cause of action."

Thereafter motion for judgment on the pleadings was filed by the defendant, upon the ground that neither the answer filed by the defendant nor the reply filed by the plaintiff thereto raised or joined any issue to be tried in this case, which motion on the same day was overruled by the court. Thereafter, and on the same day, said cause came on for trial by the court, the plaintiff offering in evidence the original note sued on in this action, and which was the only evidence offered or introduced at said trial. Said plaintiff electing to stand upon his motion for judgment on the pleadings, offering no evidence in support of the allegations contained in his answer, the court rendered judgment in favor of the plaintiff and embodied in the journal entry of judgment his ruling upon the motion for judgment on the pleadings.

Lambert v. Sloop et al.

It is obvious at a glance that the only question which the defendant relied upon for a reversal is the action of the court in overruling the motion for judgment on the pleadings. As we understand it, the contention of counsel for defendant is, that because the reply contains the words, "inconsistent with the allegations of plaintiff's petition," it does not tend to join an issue of fact upon the affirmative defensive matter stated in the answer of the defendant. This contention seems to us to be extremely technical. If these words were objectionable to the defendant, he should have moved the trial court to strike them from the reply, or attacked the reply in such other manner as would have afforded an opportunity for amendment if sustained by the court, and not obscured the specific defect by a motion for judgment upon the pleadings, which called into question all the pleadings filed in the case.

The reply probably cannot be commended as a model for challenging the new matter set up as a defense in the answer, but as no motion was filed which challenged its sufficiency upon any specific ground, we would not be justified in reversing the judgment of the trial court upon an objection which to us seems to be the merest technicality. Moreover, as the answer admitted the execution of the note and set up payments in a manner different from the terms of the note sued on, and pursuant to a subsequent contract between the same parties, this, in a sense, is inconsistent with the averment in the petition to the effect that defendant was indebted to plaintiff in accordance with the terms of the note.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.