## STONE et al. v. STONE.

No. 7177—Opinion Filed Oct. 16, 1917.

(168 Pac. 423.)

1. Pleading — Sufficiency of Reply—Judgment upon Pleadings.

A reply which denied each and every allegation contained in the answer of the defendant inconsistent with the allegations of the plaintiff's petition in the absence of a motion to make more definite and certain, or other attack which if sustained would give the pleader an opportunity to amend, was sufficient to put in issue the allegations of defensive new matter contained in the answer, and a judgment upon the pleadings based thereon was properly denied.

2. Appeal and Error—Trial by Court—Question of Fact.

Where a jury is waived and the cause tried to the court, the judgment of the court must be given the same force and effect as the verdict of a properly instructed jury, and if there is any evidence reasonably tending to support the judgment of the trial court, the same will not be disturbed upon appeal.

(Syllabus by Hooker, C.)

Error from District Court, Alfalfa County; James B. Cullison, Judge.

Action by J. R. Stone against L. A. Stone and others with counterclaim by defendants. Judgment for plaintiff, and defendants bring error. Affirmed.

Titus & Talbot, for plaintiffs in error.

H. C. Kirkendall, for defendant in error.

Opinion by HOOKER, C. This action was instituted by the defendant in error against the plaintiffs in error to recover a judgment upon a promissory note, the execution and delivery of which was admitted. The plaintiffs in error filed a counterclaim for board and lodging alleged to have been received by the defendant in error from them. To this counterclaim the defendant in error filed a reply in which he denied each and every allegation contained in the answer and counterclaim inconsistent with the allegations of the petition. Thereafter the plaintiffs in error filed a motion for a judgment upon the pleadings, alleging that there was no issue of fact raised thereby, as the allegations of the reply were not sufficient to put in issue the material allegations of the answer and counterclaim.

This court in the case of Lambert v. Sloop, 58 Okla. 289, 159 Pac. 482, has decided this question adversely to the plaintiffs in error in the following language:

"As we understand it, the contention of counsel for defendant is, that because the reply contains the words, 'inconsistent with the allegations of plaintiff's petition,' it does not tend to join an issue of fact upon the affirmative defensive matter stated in the answer of the defendant. This contention seems to us to be extremely technical. If these words were objectionable to the plaintiff, he should have moved the trial court to strike them from the reply, or attacked the reply in such other manner as would have afforded an opportunity for amendment if sustained by the court, and not obscured the specific defect by a motion for judgment upon the pleadings, which called into question all the pleadings filed in the case. The reply probably cannot be commenced as a model for challenging the new matter set up as a defense in the answer, but as no motion was filed which challenged its sufficiency upon any specific ground, we would not be justified in reversing the judgment of the trial court upon an objection which to us seems to be the merest technicality."

It is further asserted by the plaintiffs in error that they are entitled to a judgment upon their counterclaim under the undisputed evidence in this case. The trial court allowed them $73.40, and it is contended by

them that under the evidence they were entitled to $200 or more, as set forth in their counterclaim. The trial court heard this evidence, and was in a much better position to determine the credibility of these witnesses than we are. And after a careful review of the evidence here, we are of the opinion that there is evidence to support the judgment of the trial court, as the defendant in error specifically denied that he had been furnished board and lodging in the amount claimed by the plaintiffs in error. Therefore we do not feel inclined to disturb the finding of the court upon this proposition which must be viewed with the same force as a verdict of a properly instructed jury.

The judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.