### GIBSON et al. v. INTERNATIONAL HARVESTER CO.

No. 13961—Opinion Filed Nov. 12, 1924.

Rehearing Denied Jan. 6, 1925.

**1. Appeal and Error — Sufficiency of Evidence—Conclusiveness of Judgment.**

In the trial of a law action to the court, if there is any testimony which reasonably tends to support the judgment of the court it will not be reversed on appeal for insufficient evidence.

**2. Same—Recovery on Redelivery Bond in Replevin—Attorney's Fee.**

Record examined; held, to support the judgment of the court, except as to the allowance of $50 as attorney's fee.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by the International Harvester Company on redelivery bond in replevin action against Kelly Gibson et al. Judgment for the plaintiff. Defendants brings error Affirmed.

West & Petry, for plaintiffs in error.

Kleinschmidt & Johnson, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced its action in replevin against Kelly Gibson for the possession of a threshing machine and binders. Judgment went for the plaintiff on September 30, 1919, and against the defendant for the return of the property or its value in the sum of $250. The plaintiff caused an execution to be issued out of the cause against the defendant on May 3, 1920, for the amount of the money judgment and costs. The execution was returned and filed in the cause with the notation "no property found." The plaintiff commenced its action in August, 1920, on the redelivery bond against the defendants and surety. The defendants filed their answer in the cause on September 27, 1920, in which a tender of the property was made to the plaintiff. The cause came on for trial in January, 1922, which resulted in a judgment for the plaintiff and against the defendants in the sum of $320. The judgment included an item in favor of the plaintiff in the sum of $50 as attorneys fee in the replevin action. The defendents have appealed the cause to this court and the main ground for reversal is that the judgment of the court is not supported by sufficient evidence and is contrary to law.

The attorney for the defendants in the trial of the cause below stated to the court, that the issues for trial were: First, Was a tender of the property made to the plaintiff? Second, Was the property in as good condition at the time of the tender as when received under the redelivery bond?

The defendant did not testify that he made a tender of the property to the plaintiff until the sheriff received the execution in May, 1920. The defendant testified that he was in the sheriff's office and was there advised that an execution had been issued out of the replevin cause against him on the money judgment, and further testified that he advised the sheriff that the property was out on his farm and requested the sheriff to take the custody of the same. The deputy sheriff testified in relation to the conversation that the defendant advised him there was an old threshing machine out on the farm which he might take. The attorney for the plaintiff testified that the defendant had not at any time tendered the property to the company.

It was the duty of the defendant to return the property or make a tender of the property in good faith within a reasonable time after the judgment, in as good condition as when received, under the redelivery bond. Leeper Graves Co. v. First Nat. Bank of Hobart, 26 Okla. 707, 110 Pac. 655.

The defendant testified in cross-examination that he moved the property from under

a shed out into the weather in the winter of 1919-20, and that it had remained exposed to the weather from that time.

The issues made by this stipulation of the defendant in the trial of this cause were questions of fact. The issues were sharply disputed between the parties. The judgment in favor of the plaintiff and against the defendants is supported by ample testimony. McCann v. McCann, 24 Okla. 284, 103 Pac. 694; Beard v. Herndon. 84 Ok'a. 142, 203 Pac. 226; Gaines v. Citizens Bank, 84 Okla. 265, 204 Pac. 112.

The statutes do not provide for the recovery of an attorney's fee incurred in a replevin action on a redelivery bond. The judgment of the court in allowing the plaintiff $50 as attorney fee was in error. The evidence and the law support plaintiff's judgment to the extent of $270, with interest thereon at the rate of six per cent. per annum from the 30th day of September, 1919.

It is recommended that the judgment in favor of the plaintiff be reduced to $270, with interest thereon, and affirmed as modified.

By the Court: It is so ordered.