## UNIVERSAL CREDIT CO. v. OGBURN et al.

No. 24554. · June 25, 1935.

Rehearing Denied Oct. 1, 1935.

Pierce, McClelland, Kneeland & Bailey, for plaintiff in error.

Cox & Cox and Walter F. Hill, for defendants in error.

BAYLESS, J. Universal Credit Company. a corporation, commenced an action in the district court of Lincoln county, Okla., against Tom Ogburn, principal upon a bond, and H. C. Isles and Charles Keogman, sureties upon the bond, to recover upon a judgment theretofore rendered in a replevin action in said court in favor of the company and against Ogburn. The company will be referred to herein as plaintiff, and Ogburn et al. as defendants.

The plaintiff instituted the former action in replevin against Ogburn and set the value of the motor truck at $450. The defendants executed the redelivery bond as provided by law and set the same value upon the truck. The trial of the case resulted in a judgment in favor of the plaintiff and against the defendants for the return of the truck, or in lieu thereof the value of the truck, which was adjudged to be $450. This judgment was rendered October 13, 1931, and the motion for new trial was overruled December 21, 1931, but no appeal was taken. January 19, 1932, Ogburn paid the costs in that action and January 21, 1932, had his attorney write the plaintiff as follows:

"This is to confirm telephone conversation to the effect that Mr. Ogburn is ready to deliver the truck upon receipt of proper instruction and he tenders the truck to the Universal Credit Company in the same condition as at the time of the replevin action."

The plaintiff answered this letter by saying that it construed the offer of delivery to mean that defendants were tendering it as being in the condition in which it was at the time of the replevin, and plaintiff declined this offer upon the ground that in its opinion the truck had materially depreciated in value and was worth not in excess of $150 on January 22, 1932. The plaintiff then instituted the second action, out of which this appeal arises.

The plaintiff specified several errors, but grouped these alleged errors into three propositions, as follows:

"(1) In a replevin action, where defendant executes a redelivery bond and retains the property and judgment is thereafter rendered against him, in order to avoid the penalties of the bond in a suit thereon, he must show a redelivery or tender of the property within a reasonable time in substantially as good condition as on the date on which it was replevined and without material depreciation in value.

"(2) If a tender is relied upon in such case. he must show an unconditional tender. A conditional tender is not sufficient.

"(3) It is a matter of such common knowledge that an automobile depreciates in value with use and lapse of time that the court will take judicial notice thereof."

It argued all three of these propositions together.

The judgment in the replevin action in favor of the plaintiff was for the possession of a described Ford truck, or in lieu thereof its value, which was fixed at $450. There was no money judgment for damages nor for a recovery upon the note held by the plaintiff. This judgment, therefore, entitled the

plaintiff to the possession of the truck, or, in lieu thereof $450 in money.

This court has held that a person who has retained possession of replevined property by virtue of a redelivery bond and who loses the right of possession by a judgment of the court must within a reasonable time deliver the property or offer to deliver at any reasonable place designated by the person adjudged to have the right of possession (Jarecki Mfg. Co. v. Fleming, 130 Okla. 95, 265 P. 628); and said property when tendered after judgment must be in substantially as good condition physically, without material depreciation in value (Gerber v. Wehner, 96 Okla. 48, 220 P. 648).

When the person adjudged to have no right of possession of the property has delivered the property, as above required, the person adjudged to have the right of possession is not obligated to receive the property in satisfaction of the judgment of delivery if, in his opinion, the property is not in substantially as good condition as when replevined or there has resulted a material depreciation in value. See cases above cited.

But when the loser delivers the property as above required, and the winner rejects the delivery upon the ground that there has been a change in condition for the worse or a material depreciation in value, is the opinion of the winner, upon which he rejects the delivery, conclusive? Obviously not. When a party adjudged to have the right of possession of property has rejected the offer of delivery and sues upon the bond, the defendant may defend upon the ground that the proffered delivery met the conditions of the law of replevin and the judgment. In this connection we will not discuss upon which of the parties falls the burden of proof, because the parties to this action settled that among themselves. The defendants accepted the burden.

That is exactly what happened in this case. The defendants offered to deliver the motor truck to the plaintiff in the same condition as when replevined, at a point to be designated by the plaintiff. The plaintiff contends that this tender was conditional. We have read the tender, and the only conditions we can observe were (1) that it meet the requirements of the law of replevin as to condition and value, and (2) that instructions as to the place of delivery were asked. This second condition was entirely proper. See Jarecki Mfg. Co. v. Fleming, supra.

Plaintiff insists that the truck was tendered to it conditioned that it be accepted in full satisfaction of the judgment and debt. If the truck met the requirements of the law as to physical condition and value, it was in full satisfaction of the judgment in favor of the plaintiff, except the costs, which are not considered herein. We find no mention in the offer of delivery of the debt against the defendant, Ogburn, held by the plaintiff. There is no independent proof in the record that satisfaction of the debt was one of the conditions of the tender. We are unable to ascertain upon what basis the plaintiff contends that the offer of delivery was conditioned upon complete satisfaction of the debt which it held.

In the trial of this action the defendants defended upon the ground that they had offered to deliver the truck to the plaintiff in full conformity with the requirements of the law. They introduced the testimony of at least two witnesses that, since the truck was a second-hand truck when purchased and replevined and new parts and repairs had been placed thereon after replevin, it was in as good condition physically as when replevined. Plaintiff introduced the testimony of witnesses to contradict this. The defendants also introduced the testimony of at least three witnesses that the value of the truck when it was tendered to the plaintiff after judgment was $450 to $475 as compared with the value of $450 fixed in the bonds and in the judgment in the replevin action. The plaintiff introduced the testimony of witnesses to show that the value of the truck at the time of the tender of delivery after the judgment in replevin was around $150. This makes a direct conflict in the evidence on the question of physical condition and value. The jury resolved the conflict of the evidence in favor of the defendants. The rule of this court upon the review of such verdicts is too well known to need citation of authorities.

In the course of plaintiff's argument in its briefs, it attacks the competency of the witnesses of the defendants as to value. We observe that on direct examination of these witnesses, the plaintiff objected to their competency to testify as to the value and excepted to the court's ruling against plaintiff. We cannot say with a degree of reasonable certainty that the court abused its discretion in permitting these witnesses to testify as to value.

The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur. CORN, J., dissents. WELCH, J., absent.