MARTIN et al. v. MUTALOKE et al.

No. 28595. April 2, 1940.

*105 P. 2d 413.*

Supplemental Opinion Sept. 10, 1940.

Glenn O. Young, of Sapulpa, for plaintiffs in error.

Wilkinson & Smith and C. J. Davenport, all of Sapulpa, for defendants in error.

WELCH, V. C. J. This is an action by Susanna Martin, nee Tiger, Melissa Fox, nee Tiger, against the defendants, Lalla Mutaloke, nee Bigpond, Lallie Campbell, nee Bigpond, Mathew Tiger, W. F. Parshall, guardian of Mathew Tiger, Grace Jones, nee Allen, the Devonian Oil Company, a corporation; Independent Oil & Gas Company, a corporation, W. F. Parshall, individually; J. L. West, L. R. Yates, Wanney Parkinson, and Noah Parkinson.

The question presented here is whether the trial court committed reversible error in sustaining the motion of defendants for judgment on the pleadings.

The petition is long and its terms are somewhat involved. It is difficult to briefly state the substance of all of the allegations therein. However, the petition includes the following allegations, in substance:

That the plaintiffs are owners by inheritance of a stated fractional interest in the real estate involved, setting out in detail their relation to the deceased allottee and former owner; that for some years the defendants have wrongfully held the land and taken profits therefrom; that defendants claim by various conveyances, leases, and contracts, but all are inferior to the claims of these plaintiffs; that certain conveyances were

obtained without adequate consideration; that certain conveyances were obtained by fraudulent misrepresentations; that as to a certain waiver or disclaimer of the plaintiffs' interests in part of the lands, their signatures thereon were obtained without consideration and by fraudulent misrepresentations; t h a t there was bad faith as to some prior litigation and in the compromise thereof. That a certain purported decree of heirship against plaintiffs was void and was obtained by fraud and false representations and by corruptly obtaining purported and invalid releases from plaintiffs. That one of the defendants acted as attorney for the plaintiffs and at the same time acted as attorney for their adversary and aided in defrauding plaintiffs. That whatever title the defendants obtained was obtained by fraud as alleged and justifies the declaration of a constructive trust. And the petition generally alleges a plan to defraud plaintiffs.

Many, or some, of the allegations are quite general and might have been stated in more definite and certain language, and perhaps all material or essential statements of plaintiffs' claims could have been set out with more brevity. However, we are here considering no objection to, or attack upon, the petition of plaintiffs, except the attack presented by motion for judgment on the pleadings. Defendants' general demurrer to the petition in trial court was overruled.

In final analysis the petitioners seek recovery of property in which they assert ownership, and further relief by way of accounting and cancellation of instruments, and the avoidance of instruments, for fraud, abuse of fiduciary relationship, and fraudulent overreaching and the like.

Fraud is a generic term, which embraces all the multifarious means which human ingenuity can devise and are resorted to by one individual to obtain an advantage over another. No definite and invariable rule can be laid down as a general proposition defining fraud, as it includes all surprise, trick, cunning, dissembling, and unfair ways by which another is cheated, and while fraud must be proved at law, in equity it suffices to show facts and circumstances from which it may be presumed. Bloch v. Morgan, 116 Okla. 199, 244 P. 176; Johnson v. McDonald et al., 170 Okla. 117, 39 P. 2d 150.

The defendants in their answer and cross-petition alleged that a will was executed; that said will excluded plaintiffs; that final decree of distribution had become final; that the plaintiffs had executed a deed, conveying all of their right; that said conveyances were approved by county court; that full consideration was paid in the presence of court; that plaintiffs had authorized filing of disclaimer in their behalf.

The plaintiffs in their reply generally deny all of the allegations of defendants as set out in the answer and cross-petition of defendants.

The trial court sustained a demurrer to reply of plaintiffs and a motion for judgment on the pleadings in favor of defendants.

It is from this ruling of the court that plaintiffs in error prosecute this appeal.

A motion for judgment on the pleadings admits, for the purpose of the motion, the truth of all facts well pleaded by the opposing party, together with all fair inferences to be drawn therefrom. Lyons et al. v. Lyons et al., 182 Okla. 108, 76 P. 2d 887.

The pleadings must be clearly bad in order to justify a judgment in favor of the other party, and, if there is any reasonable doubt as to its sufficiency, judgment on the pleadings will not be rendered. Peck v. First Nat. Bank, 50 Okla. 252, 150 P. 1039.

A reply denying each allegation in answer inconsistent with allegations of petition, without motion to make it more definite or other attack which would give pleader opportunity to amend, is

sufficient to put in issue allegations of defensive new matter in answer, and judgment on pleadings based thereon will be denied. Stone v. Stone, 66 Okla. 123, 168 P. 423.

We are of the opinion that in view of the cases hereinabove referred to, the trial court committed reversible error in sustaining the demurrer to plaintiffs' reply and the motion of the defendants for judgment on the pleadings.

The judgment of the trial court is therefore reversed, and remanded, with directions to proceed not inconsistent with the views expressed herein.

BAYLESS, C. J., and RILEY, OSBORN, and DAVISON, JJ., concur.

---

Supplemental Opinion on Rehearing.

WELCH, V. C. J. Upon rehearing our attention is directed to the fact that since the opinion was promulgated herein on April 2, 1940 (11 Journal 8), the parties have fully compromised and settled the matters in controversy, and a dismissal of the cause has been signed by plaintiff pursuant to settlement agreement. It appears, therefore, that the litigation should be terminated, and that the opinion herein should be modified as to the directions for further proceedings in the trial court.

We conclude the cause should be remanded, with directions to the trial court to vacate the judgment heretofore rendered for defendant on the pleadings, and to enter final dismissal of plaintiff's cause pursuant to completed compromise and settlement.

BAYLESS, C. J., and RILEY, OSBORN, GIBSON, DAVISON, and DANNER, JJ., concur. CORN, J., absent. HURST, J., not participating.