GILCHRIST v. SUTTON et al.

No. 30683. June 23, 1942.

*127 P. 2d 163.*

A. J. Morris and Walter Morris, both of Anadarko, for plaintiff in error.

Oris L. Barney, of Anadarko, for defendant in error Clyde L. Sutton.

DAVISON, J. This is an action of equitable cognizance in which Clyde L. Sutton, as plaintiff, is seeking to have a deed formerly executed by him decreed to be a mortgage, to recover possession of the premises involved and quiet title to the same in himself as against the claims of L. H. Crosswhite and Pauline G. Gilchrist, the former wife of the plaintiff.

The case was instituted in the district court of Caddo county on July 5, 1941. The defendants separately joined issue by their respective answers. The plaintiff then presented a motion for judgment on the pleadings as to Pauline G. Gilchrist, which was sustained by the trial court, and judgment was entered accordingly.

The first question to be answered in determining whether a motion for judgment on the pleadings should have been sustained is: Was there any issue of material fact presented by the pleadings? If there was, the motion should have been denied. Allen v. First Na-

tional Bank & Trust Co. of Muskogee, 170 Okla. 3, 37 P. 2d 628; Cardin Building Co. v. Smith, 125 Okla. 300, 258 P. 910; Bancroft's Pleading, vol. 1, p. 935.

The disposal of cases on motion for judgment on the pleadings is not favored by the courts (Bancroft's Pleading, vol. 1, p. 921). Thus the pleadings must be clearly bad in order to justify a judgment in favor of the other party, and if there is any reasonable doubt as to its sufficiency, judgment on the pleadings will not be rendered. Martin v. Mutaloke, 187 Okla. 613, 105 P. 2d 413.

In this action the plaintiff is seeking to recover the possession of real estate and to quiet title thereto. If he is entitled to judgment, his right thereto must and does exist by reason of the strength of his own title, not the weakness of that of the defendant. Boepple v. Estill, 174 Okla. 106, 50 P. 2d 182; Haymes v. McDermott, 125 Okla. 147, 256 P. 908; Seifert v. Seifert, 82 Okla. 230, 200 P. 243; Clark v. Duncanson, 79 Okla. 180, 192 P. 806; Hurst v. Sawyer, 2 Okla. 470, 37 P. 817.

The cause of action as stated in plaintiff's petition is entirely dependent upon his allegation that the deed formerly executed by himself was in fact a mortgage. His petition reflects that unless he establishes the truth of this allegation he has no title at all. He is not entitled to judgment on the pleadings if the allegation is traversed.

An examination of the separate pleadings of both of the defendants discloses that both join issue with the plaintiff in this basic allegation. Since judgment on the pleadings was rendered against but one of the defendants, Pauline G. Gilchrist, detailed examination will be confined to that pleading only. It is therein stated in part:

"That on the 7th day of January, 1941, the plaintiff having incurred considerable indebtedness, informed this defendant that he had to raise $1,000 to pay his indebtedness and informed her that he could not borrow the money, but could raise it by selling the place, and that this defendant's father would purchase the place, and would assume and pay the $1,500 mortgage, and would give him what he owed, the defendant's father paying him $1,000 in cash. This defendant protested against selling the place, and at first refused to go with the plaintiff to the bank to sign the deed, but the plaintiff became angry and threatened to leave this defendant, and this defendant finally consented to go with him and did go with the plaintiff to the bank and signed the deed; that said premises were the homestead of defendant and plaintiff, and was the only home they had and on the afternoon of the day the deed was signed and delivered, this defendant, with her father and the plaintiff, were driving home and this defendant was crying over having to sign the deed, and her father then said to her that for 'us to get our money together,' and pay the $1,000 with interest back, pay him what defendant already owed him, and he would sell the property back to this defendant and the plaintiff."

Analysis of the foregoing portion of the pleading discloses that the defendant Gilchrist has asserted that a sale of the property to the defendant Crosswhite was consummated. This allegation is in direct conflict with the plaintiff's basic allegation that the deed was delivered as a mortgage to secure the payment of a debt.

The defendant has also stated that subsequent to the consummation of the sale the defendant Crosswhite orally offered to sell the property back to the plaintiff, but that proposal was not acted upon and no binding contract of sale was entered into. The making of the unaccepted offer did not change the nature of transaction previously consummated nor make the deed previously executed, as a conveyance, into a mortgage.

While it is more a matter of proof than of pleading, it is not amiss to mention at this point that in the deed to Crosswhite the grantee (Crosswhite) assumed and agreed to pay an outstanding mortgage of $1,500. If the deed, as plaintiff asserts, was to operate as a mortgage, it seems unusual that the mortgage should assume personal lia-

bility for the prior mortgage. Such is not the ordinary method in which business transactions of the character claimed are conducted. However, the evidentiary effect of this phase of the transaction is a matter to be considered on the trial.

In view of the rule that the plaintiff in order to prevail in this character of action must rely upon his own title rather than the weakness of the claim or title of the defendant; in view of the fact that the existence of any title in the plaintiff herein depended entirely upon his allegation that the deed was a mortgage rather than a conveyance of the fee; in view of the fact that that allegation was traversed by the defendant; in view of the attitude of this court in connection with judgments on the pleading as expressed by our prior decisions cited, supra, to the effect that such a judgment should not be granted unless the pleading of the party against whom the judgment is entered is clearly bad, we are of the opinion, and hold, that the trial court erred in rendering the judgment herein presented for review.

The error of the trial court was probably provoked by the premature consideration of a question which may subsequently arise in the litigation.

The plaintiff Sutton and the defendant Gilchrist were formerly husband and wife. In fact, the deed here involved was executed during their marriage and the defendant joined her then husband in its execution. Subsequently, they were divorced and the decree of divorce approved a property settlement made by the parties out of court. The decree, while enumerating other property, did not specifically mention the property here involved. It is claimed by the plaintiff that this decree had the legal effect of barring the defendant Gilchrist from thereafter asserting any interest in the unmentioned property in view of the fact that that property belonged to the plaintiff before the marriage.

If the plaintiff succeeds in establish-ing that he had any title after the execution of the deed, it will then be appropriate to decide whether the divorce decree prevented his former wife from claiming an interest therein. We express no opinion on this question. Such an expression at this time would be premature.

This cause is reversed and remanded, with directions to proceed in a manner not inconsistent with the views herein expressed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, and GIBSON, JJ., concur. RILEY, HURST, and ARNOLD, JJ., absent.