MOONEY v. PHILLIPS PETROLEUM CO.

No. 32910.    May 3, 1949.

Rehearing Denied June 7, 1949.

*206 P. 2d 977.*

W. H. Kisner, of Tahlequah, for plaintiff in error.

Don Emery, Rayburn L. Foster, R. B. F. Hummer, and Geo. L. Sneed, Jr., all of Bartlesville, and Harry D. Turner and Loyd G. Minter, both of Oklahoma City, for defendant in error.

HALLEY, J. The plaintiff was employed on May 17, 1924, by the Independent Oil & Gas Company as a roustabout, and on that day he sustained certain burns, and on June 3, 1924, first notice of injury and claim for compensation was filed with the State Industrial Commission for his injuries. It was a hazardous employment. On March 14, 1924, there was filed a report and final receipt executed by the employer, its insurance carrier, and the plaintiff. Among other things, it acknowledged payment of $90. Approximately 13 years later, October 26, 1937, the plaintiff filed a motion to reopen the case for the purpose of determining the extent of his permanent disability. The defendant was made a party to that proceeding, on the theory that it had assumed all liabilities of the Independent Oil & Gas Company. On May 8, 1939, an award was made against the Independent Oil & Gas Company and the defendant for 90 weeks at $15.39 per week. An appeal was taken from that award to this court and is Independent Oil & Gas Co. et al. v. Mooney et al., 187 Okla. 473, 103 P. 2d 557. In that case this court reversed the award insofar as the defendant in this case is concerned, because the Industrial Commission was not authorized to determine a controversy between the employee and a third party who is neither the employer nor the insurance carrier, but the award was affirmed against Independent Oil & Gas Company.

On July 29, 1940, the plaintiff filed suit in the district court of Oklahoma county against the defendant, seeking to recover $1,385.10, the amount of the award against Independent Oil & Gas Company. Numerous pleadings were filed. The case finally came on for trial on May 27, 1946. The plaintiff filed a motion for judgment on the pleadings, but the transcript of the record filed in this court shows no action taken on the motion. There is set out in plaintiff's reply brief a copy of an order overruling the motion for judgment on the pleadings, dated May 27, 1946, but not filed for record until June 25, 1947, which was seven months after this case was filed in this court.

From the journal entry of judgment and the minutes of the court, it appears that a trial was had and judgment rendered for the defendant.

The plaintiff appealed by petition in error and transcript, which presents only the alleged error of the trial court in overruling his motion for judgment on the pleadings.

For the purpose of this appeal we will treat the motion for judgment on the pleadings as having been overruled. Was such action of the trial court, overruling said motion, error? We think not. The defendant's answer raised material issues of fact on which it was entitled to offer evidence. That being true, the rule laid down in Butterick Co., Inc., v. Molen et al., 198 Okla. 92, 175 P. 2d 311, controls:

"A motion for judgment on the pleadings cannot be sustained where there are issues of fact to be determined."

The action of the trial court in overruling the motion for judgment on the pleadings is affirmed.