### FAUGHT v. NORVELL et al.
#### No. 34995.

Supreme Court of Oklahoma.
May 19, 1953.

Rehearing Denied July 7, 1953.

Byrne A. Bowman, Oklahoma City, for plaintiff in error.

Halley, Everest, Halley & Spradling, Oklahoma City, for defendants in error.

PER CURIAM.

This appeal is by transcript and the parties will be referred to as they appeared in the trial court.

Plaintiffs Dewey D. Norvell and Inez T. Norvell, husband and wife, instituted this action by filing a petition in which they pleaded two causes of action. The first being in the nature of ejectment to recover the possession of specific real property. The second was, by election of plaintiffs, removed from issue and is not necessary to proper consideration of this case.

Plaintiffs allege ownership of certain real property, deraign their title, and allege that the defendant James E. Faught has defaulted in a contract to purchase said property, and that by reason of said default, the defendant wrongfully withholds possession thereof. They pray order of Court ejecting the defendants, and restoring possession to plaintiffs.

The Contract referred to by plaintiffs is attached to their petition as Exhibit F.

The defendant James E. Faught filed his answer in which he admitted the execution of the contract and denied all of plaintiffs' allegations as to default.

Defendant Faught further pleads that the plaintiffs were guilty of fraud which induced the defendant to execute the purchase contract in that the plaintiffs falsely represented to defendant, with intent to deceive and with intent that the defendant rely thereon, that they, the plaintiffs, would accept an amount of money as a monthly payment less than the amount set forth in the contract, with no intention to perform said promise, and but for which promise the said defendant would not have executed the contract. He further pleads recision of the contract, demand of the sum of $1,685 which defendant had paid to the plaintiffs under the terms of the contract, tendered possession of the property, and tendered payment of rent for his period of possession at the alleged reasonable value of $65 per month.

Plaintiffs replied in the form of a general denial, and moved for judgment on the pleadings, which the trial court sustained.

In this appeal there is but a single question presented: Did the trial Court err in sustaining plaintiffs' motion for judgment on the pleadings?

In determining the sufficiency of the answer, it must be construed liberally in favor of the pleader as motions for judgments on the pleadings are not favored. Hendrix v. Redfern, 204 Okl. 613, 232 P.2d 926.

The general rule announced in 71 C.J.S., Pleading, § 429, p. 873, is:

"Where a material issue is tendered by the pleadings, judgment on the pleadings is improper. The motion will be denied if an issue of fact, or a direct issue joined on any single material proposition, is made requiring the introduction of testimony by the moving party to sustain such issue * * *.

"Judgment on the pleadings will not be rendered for plaintiff where his allegations are sufficiently controverted or where the answer sets up a good defense."

The general rule is recognized and applied in this jurisdiction. Mooney v. Phillips Petroleum Co., 201 Okl. 426, 206 P.2d 977; Butterick Co., Inc., v. Molen 198 Okl. 92, 175 P.2d 311; Peoples Finance & Thrift Co. v. Fuller, 196 Okl. 32, 162 P.2d 189; Gilchrist v. Sutton, 191 Okl. 117, 127 P.2d 163.

In his answer the defendant alleged a promise made without any intention of performing it. The trial court evidently considered the allegation as being an attempt to vary the terms of a written contract by oral statements. But, there is a wide distinction between the nonperformance of a promise and a promise made mala fide, and without any intention at the time of making it to perform it. And while ordinarily a statement upon which

fraud may be predicated must be of an existing fact, yet if a promise is made to be performed in the future as an inducement to obtain a contract, if the intention not to perform the promise be shown to have existed at the time the promise was made, such false promise constitutes cognizable fraud. McLean v. Southwestern Casualty Co. of Okl., 61 Okl. 79, 159 P. 660.

Thus, as we construe the defendant Faught's answer, it alleges material, false and fraudulent representations, made with no intent to perform, and but for which he would not have executed the contract of purchase. This allegation was a sufficient allegation of actual fraud under our statute and thus presented an issue of fact. 15 O.S.A. § 58.

An issue of fact being joined by the pleadings, it was reversible error to sustain the motion for judgment on the pleadings. Smith v. Hughes, 135 Okl. 296, 275 P. 628, 65 A.L.R. 573; Whipps v. Kling Bros. & Co., 182 Okl. 382, 78 P.2d 291.

Reference to the Journal Entry of Judgment entered by the trial court reveals that the plaintiffs did not offer any proof to establish the averments of their petition. Such proof is required by statute. 12 O.S.A. § 1142; Herron v. Lanthin, 205 Okl. 221, 236 P.2d 692; Light of Truth Spiritualist Church of Tulsa v. Davis, 192 Okl. 284, 135 P.2d 35, and cases cited therein.

There are other errors complained of but they are such as are not likely to occur upon a trial.

The judgment is reversed and the cause remanded with directions to proceed in accord with the views herein expressed.

HALLEY, C. J., and CORN, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.

JOHNSON, V. C. J., and WELCH, DAVISON and ARNOLD, JJ., concur in result.

This court acknowledges the services of Attorneys Riley Q. Hunt and R. L. Wheatley, who, as Special Masters, aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.