Richard F. JONES and James L. Doyle, a partnership d/b/a Doyle-Jones Bonding Company, and Herbert G. Hall, Plaintiffs in Error,

v.

LIBERTY PLAN OF AMERICA, INC., d/b/a Gill's Jack and Jim's Furniture, Defendant in Error.

No. 41177.

Supreme Court of Oklahoma.

Sept. 27, 1966.

Bushong & Treadway, by Keith R. Treadway, Oklahoma City, for plaintiffs in error.

Sam S. Gill, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

Plaintiffs in error, d/b/a Doyle-Jones Bonding Company, hereinafter referred to ·as defendants, defendant bondsmen, or ·sureties, made a redelivery bond for one Herbert G. Hall, in 1963, when the Liberty Plan Company, apparently the predecessor of Liberty Plan of America, Inc., sued Hall in a· replevin, and chattel mortgage, action, docketed as the Oklahoma County Common Pleas Court's Cause No. 36,005. In September thereafter, the court, in said cause, entered default judgment against Hall for a sum of more than $1,000.00, with interest, attorneys fees and costs, foreclosing the mortgage on the auto and furniture covered thereby, and directing that said property be delivered to the plaintiff in said cause, for the purpose of public sale and application of the proceeds of said sale on its said judgment.

Thereafter, when Hall failed to deliver the property as directed in said judgment, defendant in error, hereinafter referred to as plaintiff, instituted the present action against him and the defendant bondsmen on the redelivery bond they had made for Hall, as aforesaid.

In its amended petition, said plaintiff alleged, among other things, the essential facts concerning Cause No. 36,005, supra, and the execution and delivery of the redelivery bond, as well as the entry of judgment in its favor in said action, and attached to said pleading copies of said judgment, the redelivery bond, and the writ of

Appeal from Court of Common Pleas of Oklahoma County; Dwain Box, Judge.

replevin issued and served on Hall therein. This amended petition also referred to the previous judgment's direction that Hall return the property and alleged that he had wholly failed, neglected, and refused to do so. This pleading further alleged that plaintiff had caused a special execution to be issued in said Cause No. 36,005, supra, but that the sheriff, who attempted to serve it on Hall, was unable to locate him, or the property. In its prayer, the amended petition asked for judgment against Hall and the other defendants for $1250.00, with interest and costs.

Hall's answer to plaintiff's said amended petition consisted of a qualified general denial and a specific denial that he refused to deliver possession of the property involved. The defendant bondsmen's answer also consisted of a qualified general denial, some admissions not necessary to mention, and the following additional statements:

"That the defendants specifically deny that Herbert G. Hall failed, neglected, or refused to return the property sued for to the plaintiff, and in fact, Herbert G. Hall was instructed and directed by Sam Gill, attorney and agent for the plaintiff, not to return said items of personal property to the plaintiff. That Sam Gill did orally instruct and tell Herbert G. Hall at said attorney's offices on or about the 20th day of June, 1963 that the plaintiff desired to proceed against the bond posted by this defendant and would be able to do so only if Herbert G. Hall refused to return said property. That Herbert G. Hall did act upon the instructions of Sam Gill, as requested by said person, and thereafter refused to deliver said equipment to the plaintiff or to this defendant. That by reason of the wrongful acts of the defendant, Herbert G. Hall, and Sam Gill, this defendant has been prejudiced upon his bond."

Thereafter, plaintiff filed a motion for judgment on the pleadings, and, at a hearing thereon, in June, 1964, the court entered judgment sustaining said motion and awarding plaintiff judgment on the bond,

as prayed for, against Hall and the other two defendants. The latter thereafter perfected the present appeal on the original record.

■ For reversal, defendants first contend that the trial court erred in sustaining plaintiff's motion for judgment on the pleadings, because a material issue was presented by the pleadings, as to whether the actions of Hall and plaintiff, through its attorney, Gill, were such as to release defendants from liability as sureties on Hall's redelivery bond. There is also argument pro and con on the matter of whether these parties' alleged conduct amounted to fraud and collusion sufficient for such a release of the defendant sureties. In its brief, however, plaintiff seems to recognize that if Hall tendered to it the property covered by the redelivery bond, but such tender was rejected, Hall's failure to deliver the property to it was excused, and his sureties were released. If so, it recognizes the true rule. See Universal Credit Co. v. Ogburn, 173 Okl. 637, 49 P.2d 517, 518, in which this court said:

"* * * When a party adjudged to have the right of possession of property has rejected the offer of delivery and sues upon the bond, the defendant may defend upon the ground that the proffered delivery met the conditions of the law of replevin and the judgment. * *."

■ In Ely v. Liscomb, 24 Cal.App. 224, 140 P. 1086, 1088, the court held that an offer to plaintiff's attorneys to surrender the property covered by the redelivery bond there involved, discharged the sureties on the bond, where said offer was refused. For other cases showing that tender, or offer to deliver, may be regarded as a substitute for actual delivery, see Gibson v. International Harvester Co., 105 Okl. 253, 232 P. 80, and the cases cited in the annotation at 57 A.L.R. 806, 810, 811.

■ The question then presented in this case is: Did the answers of Hall, and the two appealing defendants, sufficiently allege that Hall tendered, or offered to de-

liver, the property to plaintiff, but that plaintiff rejected said tender or offer? For the purpose of withstanding plaintiff's motion for judgment on the pleadings, those pleadings must be liberally construed in favor of the defendants (Whitney v. Whitney, 194 Okl. 361, 151 P.2d 583) and need not have alleged such tender and rejection in positive and unequivocal terms. Such "motions are not looked upon with favor"; they do "not assail indefiniteness, uncertainty, or clerical errors", but raise such questions as general demurrers raise, and are governed by the same rules. Mires v. Hogan, 79 Okl. 233, 192 P. 811. In the cited case, we held, among other things (9th par. of syll.):

"A motion for judgment on the pleadings presents two questions to the court in the following order: (1) Is there any issue of material fact? and, if no issue of material fact is presented by the pleadings, (2) which party is entitled to the judgment? In determining the second question, it is immaterial which party presents the motion; but on the first question, the moving party is at this disadvantage: He is deemed not only to admit, for the purposes of the motion, the truth of every fact well pleaded, but to admit the untruth of his own allegations which have been denied. On the first question, the adverse party has this advantage: *His pleadings will be construed so as to bring to his aid every reasonable intendment in favor of the sufficiency thereof. * * *"* (Emphasis added.)

See also Mooney v. Phillips Petroleum Co., 201 Okl. 426, 206 P.2d 977. In Gilchrist v. Sutton, 191 Okl. 117, 127 P.2d 163, 164, we said:

"The disposal of cases on motion for judgment on the pleadings is not favored by the courts. Bancroft's Pleading, vol. 1, p. 921. Thus *the pleadings must be clearly bad* in order to justify a judgment in favor of the other party, and *if there is any reasonable doubt as to its sufficiency,* judgment on the pleadings

will not be rendered. Martin v. Mutaloke, 187 Okl. 613, 105 P.2d 413." (Emphasis added.)

See also Peck v. First Nat. Bank, 50 Okl. 252, 150 P. 1039. In White v. Hocker, 58 Okl. 38, 158 P. 440, we held:

"Motions for judgment on the pleadings cannot be sustained unless the court can determine upon the pleadings the rights of the parties to the subject-matter in controversy and pronounce a judgment in respect thereto which will be final between them."

 A mere reading of defendants' answer in the present case is sufficient to reveal that it is self-contradictory, in that it first denies that Hall refused to return the property, but—before it ends—alleges that he did refuse to return it. However ineptly drawn, and regardless of its ambiguity, we notice that between this denial and affirmation, the pleading alleges facts from which some might infer that Hall first offered to return the property to plaintiff, but that its attorney made it plain to him that plaintiff did not want it, but "desired to proceed against the bond * *", and instructed him not to return the property so plaintiff could do that, and consequently, Hall's nominal refusal was dictated by plaintiff's attorney. If this interpretation of said pleading is a correct one, then it alleges facts very similar to some of the evidence in Ely v. Liscomb, supra, in which the court said:

"* * * We think the evidence clearly shows that * * *, Williams and Flint * * * were willing and anxious to relieve themselves from their obligation on the undertaking by delivering the same (the barn) to plaintiff; and it is likewise clear, * * *—that plaintiff was unwilling and refused to receive the same (the barn), preferring * * * to look to the undertaking for its value. It is the duty of a creditor to act in the utmost good faith towards a surety, and so far as he can, consistently with the security of his own right, protect the

interest of the former, as well as his own.

"In our opinion, the evidence shows * * * delivery of possession thereof (the barn) was offered to plaintiff, in compliance with the conditions of the undertaking, at which times the persons making the offer were in possession and control of the barn, and were ready, able, and willing to deliver the same to plaintiff, but that he refused to accept it. Hence, the findings upon which the judgment is based are not supported by the evidence. * * *."

Even if the interpretation of defendants' answer above indicated, is not the correct one, we "think there are enough necessary inferences * * *", from some of its wording, that its intendment should not be gleaned solely from its "specific wording or allegations absent therefrom" (Boose v. Hanlin, Okl., 346 P.2d 932) and that there is enough reasonable doubt as to this, that, under the rules above quoted and referred to, the trial court should have given defendants the benefit of said doubt, and overruled plaintiff's motion for judgment on the pleadings. In so concluding, we express no opinion as to any valid reason for which a judgment creditor may justifiably reject a judgment debtor's offer to return replevined property remaining in his possession under a redelivery bond; nor (as said in Boose v. Hanlin, supra) are we "passing upon any other aspect of the pleading's adequacy * * * but have followed the precedent of Hildebrand v. Harrison, Okl., 325 P.2d 1071, 1074, in deciding the only question considered by the trial court, as unequivocally shown in the journal entry of its judgment."

In accord with the foregoing, the judgment of the trial court is reversed, and this cause is remanded to said court for vacating it, and proceeding in a manner not inconsistent with the views herein expressed.

HALLEY, C. J., JACKSON, V. C. J., and IRWIN, HODGES and LAVENDER, JJ., concur.