### WHITE v. KNOX, et al.

No. 17560.   Opinion Filed Aug. 2, 1927.

(Syllabus.)

1. **Pleading—Effect of Motion for Judgment on Pleadings.**
Where motion for judgment on the pleadings is filed, the movant admits. for the purpose of the motion. the truth of every fact well pleaded, and the untruth of his own allegations which have been denied.

2. **Same—Motion Improper Where Issue of Fact.**
Where the pleadings present an issue of fact, it is error to sustain a motion for judgment on the pleadings.

3. **Mortgages—Default Clause too Indefinite to Authorize Foreclosure.**
Record examined, and held, that the clause in the mortgage upon which the alleged default is based is too indefinite and uncertain to authorize a default thereon and to support a foreclosure of the mortgage.

Error from District Court, Noble County; Claude Duval, Judge.

Action by John Knox and Morris Gottlieb against Lucy White to foreclose a real estate mortgage. From a judgment sustaining motion of plaintiffs for judgment on the pleadings, the defendant appeals. Reversed and remanded.

H. A. Johnson, for plaintiff in error.

W. M. Bowles, for defendant in error.

MASON, V. C. J. In this action, which was to foreclose a mortgage, the plaintiffs in their first cause of action declared on a promissory note for $4,000. executed by the defendant, Lucy White, and on a real estate mortgage given to secure the same, and alleged that by the terms of the mortgage, the defendant was in default because of the nonpayment of taxes, and that the plaintiffs were entitled to foreclosure of the same. It was not alleged that any part of the principal or interest was due and unpaid.

In the second cause of action, the plaintiffs alleged that the defendant was indebted to them in the sum of $240 past due interest on a previous mortgage executed by the grantors of the defendant to the plaintiffs herein, and it was further alleged that the defendants herein had agreed verbally to pay the same. The only mention of this indebtedness in the mortgage is as follows:

"Provided, always, and these presents are upon this express condition, that whereas said Mrs. Lucy White has this day executed and delivered her certain promissory note in writing to said parties of the second part, described as follows: For four thousand dollars, together with interest thereon from September 1, 1924, at the rate of six per cent. per annum, interest to be paid annually. said note due August 4, 1926, together with 10 per cent. additional of principal and interest thereon as attorney fees or commission fees for collection.

"And also the sum of $240 interest on the old mortgage is to be paid on or before September 1, 1924.

"Now, if said party of the first part shall pay or cause to be paid to said parties of the second part, their heirs or assigns, said sum of money in the above-described note mentioned, together with the interest thereon according to the terms and tenor of the same, then this mortgage shall be wholly discharged and void and otherwise shall remain in full force and effect. But if said sum or sums of money, or any part thereof, or any interest thereon is not paid when the same is due and if the taxes and assessments of every nature, which are or may be assessed and levied against said premises or any part thereof are not paid when the same are by law made due and payable, the whole of said sum or sums and interest thereon, shall then become due and payable, and said parties of the second part shall be entitled to the possession of said premises."

For answer, the defendant admitted the execution of the note for $4,000 and the mortgage to secure the same. She alleged that she was not in default of either principal or interest; that she was entitled to pay the same at any time before maturity thereof; and she tendered the full amount due on said note into court. The defendant also alleged that at the time the taxes became due and payable she attempted to pay the same, but on account of the books of the county treasurer not having been made up, the treasurer did not know the amount thereof, and refused to accept said taxes, or any part thereof, but that when said taxes were entered of record, the defendant paid the same in full, and she further alleged that there were no taxes due thereon and that she had acted in good faith in the payment of the taxes on said land.

The defendant also alleged:

"That the plaintiffs have not acted in good faith with this defendant; that an oil well was brought in near said lands a very short time before plaintiffs filed their suit herein and said suit was filed with the motive and intention of forcing a sale of said lands under foreclosure, believing this defendant to be unable to pay the same, and with the intention of purchasing said lands at a bargain under foreclosure and thereby obtain title to a valuable oil farm for a nominal sum, knowing this defendant is a widow of limited means, and believing her to be unable to compete with plaintiffs at a cash sale, such as a foreclosure sale is, and in this manner it was intended to cheat and defraud this defendant out of her said farm."

When the case was called for trial, the plaintiffs moved for judgment on the pleadings for the reason that the defendant's answer did not state a defense, and the same was sustained by the trial court and judgment was rendered for the plaintiffs for the full amount sued for on each cause of action, together with an attorney's fee of $400 on the first cause of action. The defendant also moved for judgment on the pleadings, which was denied.

The defendant has duly perfected her appeal from said judgment and for reversal the principal question presented is whether the petition of the plaintiffs alleged such a default as gave the plaintiffs the right to foreclose the mortgage.

A court of equity under the issues as formed by the petition and answer as to the payment of taxes would not declare a forfeiture. The mere fact that the statutory time for payment of taxes had passed would not be sufficient grounds to foreclose where the county treasurer would not accept the taxes because the tax rolls in his office had not been made up so as to indicate the amount due. The defendant alleged that the taxes were paid as soon as they were acceptable by the county treasurer.

A motion for judgment on the pleadings is in the nature of a demurrer, and in considering such motion of the plaintiff the court will treat the allegations of the defendant's answer as true. Qualls et al. v. Merchants & Planters National Bank, 88 Okla. 150, 212 Pac 308; Yeargain v. Sutter, 85 Okla. 41, 204 Pac. 122.

After eliminating the question of nonpayment of taxes, the only cause for foreclosure was the alleged failure to pay the interest due on the old loan as pleaded in the second cause of action. This indebtedness was not evidenced by a note or other writing. The only mention of it in the mortgage is as above set out. The theory of the plaintiffs as adopted by the trial court is that failure to pay this amount accelerated the entire debt and it all became due, including the $4,000 note sued on in the first cause of action. The allegation in the plaintiffs' petition that the defendant had agreed to pay the same was denied in defendant's answer.

In Yeargain v. Sutter et al., 85 Okla. 41, 204 Pac. 122, this court held:

"Where the pleadings present an issue of fact, it is error to sustain a motion for judgment on the pleadings."

Examination of the mortgage attached to the plaintiffs' petition in this case fails to disclose any provision under which the

mortgagor promised or agreed to pay said sum of $240.

The mortgage is in the standard form in use in this state. The face of the mortgage provides for a consideration of $4,000. The note described in the body of the mortgage is for $4,000. The mortgage then provides that if "said sum of money in the above-described note" shall be paid, "then this mortgage shall be wholly discharged and void." It also provides, "If said sum or sums of money, or any part thereof, or any interest thereon is not paid when the same is due, * * * the whole of said sum * * * shall then become due and payable." There is no provision under which the mortgagor promised or agreed to pay the said $240; nor is there any provision as to whom it is to be paid; nor what consideration, if any, there was for said sum.

The principal debt sued on in this case was not due when the action was begun, except upon the theory that default had been made in the payment of said $240. We are not willing to hold a debt, otherwise not due, to have become due and authorize a $400 attorney fee by reason of a provision in a mortgage relating to default where the indebtedness relied upon is so vague, indefinite, and uncertain as in this case, especially under the circumstances of this case, and where the defendant has tendered the full amount of the secured indebtedness into court before it was properly due. The due date of the principal indebtedness of $4,000 was not accelerated and the suit was prematurely commenced.

We must, therefore, conclude that the trial court erred in sustaining the motion of plaintiffs for judgment on the pleadings, and the cause is reversed and remanded, with directions to dismiss the same.

BRANSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 31 Cyc. pp. 606, 607; 21 R. C. L. p. 594. (2) 31 Cyc. p. 606. (2) 41 C. J. p. 84, §1021 (Anno).