## HILL et al. v. BLACK GOLD PETROLEUM CO.

No. 28176. Sept. 13, 1938.

Rehearing Denied Oct. 11, 1938.

Wagoner & Cooper, for plaintiffs in error.

Murphy & McCutcheon, for defendant in error.

DAVISON, J. This action was instituted by F. P. Hill and Bessie Hill in the court of common pleas of Oklahoma county against the Black Gold Petroleum Company. The plaintiffs' petition asked for damages in the sum of $300 for injury to their residence and $2,000 for damage to the surface right of their lot and premises alleged to have been caused by placing and retaining certain improvements thereon in connection with the operation of an oil well located in the same block. Judgment on the pleadings was rendered in favor of the defendant. Plaintiffs appealed.

The plaintiffs' cause of action is based upon what they call a "contract and agreement" entered into on July 27, 1935, a copy of which was attached to the petition and is as follows:

"Black Gold Petroleum Company

"Oklahoma City, Okla., July 27, 1936

"Mr. F. P. Hill,
"Oklahoma City, Oklahoma.

"Dear Sir:

"This will confirm our agreement of recent date wherein we have agreed and do hereby agree to pay you the sum of One Hundred Seventy Five ($175.00) Dollars, for damages to your premises, being Lot 6, Block 25, Howes Capitol Addition to Oklahoma City, Oklahoma, including cutting out four trees, moving fence, etc., incidental and necessary to the drilling of a well for oil and gas by us on said Block 25, Howes Capitol Addition, said payment to be construed as full payment for any and all damages done to your property relative to the foregoing in connection with the drilling of said well.

"It is understood and agreed that after said well has been drilled that we will leave your premises in the same condition as at the present time save and except the foregoing and subject to reasonable use thereof

in moving in and moving out drilling machinery and equipment.

"You will note your acceptance of the foregoing in the space provided therefor below.

"Yours very truly,
"Black Gold Petroleum Company
"By
"President

"Accepted:
"Frank P. Hill"

In the petition it is alleged:

"That prior to the 27th day of July, 1936, the defendant had drilled an oil and gas well in block 25 of Howes Capitol addition to the city of Oklahoma City, Oklahoma. That in order to operate said well it was necessary for the defendant to have space to place its power house. tanks, motors, slush pits and other machinery necessary and incident to the proper and successful operation of said oil well. That after said contract was made and entered into and the said defendant did not enter upon the premises of these plaintiffs it caused to be erected a sheet-iron house 10 x 10 and about 12 feet high, housing an electric motor. That said structure is placed upon the rear of the lot of these plaintiffs. That the defendant erected a concrete wall about four feet high, banking the same up with dirt, covering a large portion and area of the back yard of these plaintiffs."

It is further alleged that plaintiffs erected a brick dwelling house on lot 6, block 25, and lived in same and that the entire surface of said lot is necessary and useful to the plaintiffs for the purpose of a full enjoyment of their home and property.

It is further alleged in the petition:

"That the said defendant in drilling and producing the oil in said block used heavy machinery and power, and that in operating the same, the surface of the earth was caused to vibrate to such an extent that the walls and foundation of the house of these plaintiffs located on lot 6, block 25, were cracked and the ceiling damaged."

The plaintiffs further allege in their petition:

"That contrary to the express terms and conditions of the written agreement made and entered into by and between the plaintiffs and defendant, the defendant has failed, refused and neglected to make any compensation to these plaintiffs for the damage done to their house, or for the damage done to the surface rights by virtue of the placing of sheet-iron house and concrete wall upon the said lot. and that the action of said defendant in placing said sheet-iron house and constructing the concrete wall has damaged the property of

these plaintiffs in the sum of $2,000, and that by reason of the cracking and damage done to the walls and ceiling of the house these plaintiffs are further damaged in the sum and amount of $300."

To the petition the defendant filed its amended answer admitting the execution of the letter attached to the petition as Exhibit A and dated July 27, 1936, "claimed by plaintiffs to be their contract with the defendant."

For further answer defendant alleged that the first paragraph of the "letter" had been executed, in that the $175 provided for as damages to the premises described in the petition had been paid, as per the receipt attached and marked defendant's Exhibit "A."

Further answering, the defendant alleged that a mistake was made in the second paragraph of the letter in that the word "drilled" therein should have been "abandoned" and that such mistake was mutual; that prior to the execution of the letter contract of July 27, 1936, defendant made and entered into a community oil and gas lease covering lots 1 to 10, inclusive, in block 25, Howes Capitol addition to Oklahoma City, which included the lot described in plaintiffs' petition; that thereafter defendant selected lots 6 to 10, inclusive, for the purpose of drilling a well, using same for slush pits, machinery, and equipment incidental to the drilling and operation thereof; that thereafter and prior to the letter of July 27, 1936, it was mutually agreed between the defendant and the authorized agent of the plaintiffs, as well as the owners of other lots embraced in the drilling site, that they were to receive $175 per lot for damages occasioned by and incident to the drilling of the well, as set out in the first paragraph of the letter, and that it was further mutually agreed that after the well was "abandoned," defendant would leave the premises of each lot owner in the same condition as prior to the drilling, save and except the damages paid for and subject to the reasonable use thereof in moving in and out drilling machinery and equipment so as to restore all of such lots after the abandonment of the well; that by the inadvertence and mutual mistake in writing, the word "drilled" instead of the word "abandoned" was used; that defendant stands ready to perform under the contract as agreed upon.

Defendant further alleged that in the event it is found that a mistake has not been made as alleged, then the letter contract is separable and divisible in its terms and provisions; that the first provision thereof, providing for payment of $175 for damages to premises of the plaintiffs, has, as alleged, been complied with, and executed; that the provision of the letter contract dealing with leaving the premises in the same condition after drilling of the well is illegal, null and void, for want of consideration. The defendant further pleaded the community oil and gas lease executed on July 13, 1936, executed by plaintiffs and other lot holders in block 25, Howes Capitol addition to Oklahoma City, and attached a copy to the answer and pleaded the various purposes and privileges granted therein. For further answer the defendant denied that it ever entered into the purported letter contract of July 27, 1936, with plaintiff Bessie Hill, and denies that Bessie Hill is one of the owners of lot 6, block 25, Howes Capitol addition; that the property is the homestead of the plaintiffs and that both plaintiffs joined in the making of the community oil and gas lease, and that the letter contract of July 27, 1936, relates to the homestead property of plaintiffs, and not being joined in by the said Bessie Hill is, under the laws of Oklahoma, illegal, null and void. The defendant, for further answer and cross-petition, asked that the letter contract of July 27, 1936, be reformed in that the word "drilled" be eliminated and the word "abandoned" substituted in its place, and asked for other relief.

Plaintiffs filed their reply to the amended answer denying specifically and generally the allegations, contrary and inconsistent with the allegations contained in plaintiffs' petition. Plaintiffs for further reply alleged that they would not have accepted or approved the contract in question had the word "abandoned" been written therein instead of the word "drilled," and that at no time during the entire transaction was the word "abandoned" mentioned or considered.

The record shows that at the time the cause was called for trial, the defendant filed its motion for judgment on the pleadings upon the ground that the reply of the plaintiffs to the amended answer of the defendant shows that defendant is entitled to a judgment on the pleadings. No testimony was introduced. The pleadings before the court were the petition, the amended answer, and the reply of the plaintiffs. The reply to the amended answer, as shown, specifically denied certain allegations in the amended answer.

Under the facts here presented, the motion for judgment on the pleadings was in the nature of a demurrer to test the sufficiency of the pleadings and presented a question of law. The contract sued upon by the plaintiffs was admitted in the pleadings of the defendant. The unverified reply of the plaintiffs admitted the execution of the community oil and gas lease pleaded by the defendant.

In Oliphant et al. v. Crane, 70 Okla. 38, 172 P. 1073, this court held:

"A motion for judgment on the pleadings is in the nature of a demurrer, and has the effect of testing the sufficiency of the pleadings, and presenting to the court as a question of law whether the facts alleged constitute a defense to the plaintiff's cause of action."

In the instant case the allegations of the defendant's amended answer, relative to the alleged mutual mistake in the use of the word "drilled" and "abandoned," were specifically denied by the plaintiffs. In Scott et al. v. Woods Lbr. Co., 86 Okla. 185, 207 P. 449, this court held:

"A motion for judgment on the pleadings presents two questions to the court in the following order: (1) Is there any issue of material fact; and if no issue of material fact is presented by the pleadings, (2) which party is entitled to the judgment."

Where the pleadings in any case raise a question of fact to be determined, a motion for judgment on the pleadings should be denied. Billy et al. v. LeFlore County Gas & Electric Co., 146 Okla. 227, 293 P. 1009.

Under the contentions here presented, it is not for this court to determine whether the allegations in the pleadings are true or untrue. Considering the allegations in the various pleadings here presented, the court cannot say that there was not an issue of fact presented in the pleadings, nor that the merits of the case were properly disposed of in sustaining the motion for judgment on the pleadings.

For the reasons herein expressed, the judgment is reversed and the cause remanded for further action of the trial court.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. RILEY, J., absent.