The converse applies to the situation here presented. It is necessary for the plaintiffs in error to clearly show that the granting of a new trial was erroneous as a matter of law. This they have failed to do. Under these circumstances this court will not disturb the order of the trial court. Affirmed.

CORN, C. J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur.

contentions are made here as were made in the former case. What we have therein said is controlling here in every detail. For this reason the syllabus in the above case is adopted as the syllabus herein.

Judgment affirmed.

CORN, C. J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur.

MASSEY v. SINOPOULO.

No. 31427. Sept. 19, 1944.

*151 P. 2d 794.*

MAGNOLIA PIPE LINE CO. v. BLACK et al.

No. 31618. Sept. 19, 1944.

*151 P. 2d 799.*

Everest, McKenzie & Gibbens, of Oklahoma City, for plaintiff in error.

Halley, Douglass, Felix & Douglass, of Oklahoma City, for defendant in error.

PER CURIAM. This is a companion case to that of Cooke et al. v. Sinopoulo, No. 31426, 194 Okla. 352, 151 P. 2d 791. The issues of law and fact are identical save for the name of the plaintiff in error and the amount involved. The same authorities are cited and the same

W. R. Wallace, of Oklahoma City, and Walace Hawkins, of Dallas, Tex., for petitioner.

Fred E. Suits, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. On the 6th day of May, 1943, Charles E. Black, hereinafter called respondent, filed his first notice of injury and claim for compensation stating that he sustained an accidental injury arising out of and in the course of his employment with the petitioner,