HENDRIX et al. v. REDFERN.

No. 34075.   June 19, 1951.

*232 P. 2d 926.*

J. E. Douglas and W. L. Steger, Durant, for plaintiffs in error.

Porter Newman, Durant, for defendant in error.

CORN, J. June 3, 1948, plaintiff filed an affidavit for replevin alleging special ownership in a well drilling machine and certain described livestock covered by a chattel mortgage given to secure payment of defendant's promissory note for $500. The writ issued, bond was executed and the property taken into custody. Defendant thereafter executed redelivery bond for the replevined property.

June 7, 1948, plaintiff filed his petition in the district court alleging defendant's execution of a promissory note, whereby he agreed to pay $250 June 1, 1948, and $250 on December 1, 1948, with 8 per cent interest; that under terms of the note, upon defendant's failure to pay when due, plaintiff had the option to declare the whole amount

due and proceed to collect; that upon demand defendant had refused to pay and plaintiff elected to exercise the option, and the suit was instituted to collect the debt. The prayer of the petition was for judgment for amount of the debt, plus interest, and for foreclosure of the mortgage described in the petition, for an order directing sale of the property and application of the proceeds to settlement of the debt.

Defendant's wife filed sworn petition in intervention, denying indebtedness to plaintiff, and setting up that she did not sign the note and mortgage, and that plaintiff knew the mortgaged property was her own. An amended affidavit to the petition thereafter was filed, alleging the mortgaged livestock was the property of intervener's children, and that plaintiff knew intervener was without authority to mortgage same.

Defendant's answer admitted the indebtedness, but pleaded a verbal agreement whereby he was entitled to additional time within which to pay. Thereafter, defendant filed an amended answer realleging that plaintiff had refused to assist in operation of the machine as he had agreed orally to do; and alleging the value of the machine, subject matter of this action, was falsely and fraudulently misrepresented by plaintiff to be $1,000, thereby inducing defendant to enter into the contract, when in fact same was worth only $250 and in bad repair, and asked judgment for $200 for loss of time, plus $100 for parts and labor expended thereon.

Plaintiff filed motion for judgment on pleadings against defendant and intervener. After denying defendant's motion for continuance to a jury docket, the court heard testimony and thereafter sustained plaintiff's motion. Judgment was entered for the amount of the note, interest and attorney fees, and for foreclosure of the mortgage; and, for judgment against defendant's redelivery bond sureties if defendant failed to satisfy judgment within ten days, or return property to sheriff for sale in satisfaction of judgment.

The first contention to be noted is that the trial court erred in sustaining plaintiff's motion for judgment upon the pleadings.

After answer was filed, the plaintiff filed a reply denying generally the matters therein alleged. Plaintiff also filed motion for judgment upon the amended petition in intervention, alleging that no issues of fact had been raised and plaintiff therefore was entitled to judgment on the pleadings. Thereafter, the defendant filed amended answer alleging plaintiff's false and fraudulent representations of the value and condition of the machine, by reason of which defendant was induced to enter into the contract and execute the note and mortgage. The matter was considered by the trial court upon such pleadings.

A motion for judgment upon the pleadings is in the nature of a general demurrer, and admits the truth of all well pleaded facts in the pleading of the opposite party. 41 Am. Jur., Pleading, §335; Leonard v. Johnson, 191 Okla. 433, 130 P. 2d 823. The motion is not favored by the courts, and pleadings which are alleged to state no cause of action or defense are to be construed liberally in favor of the pleader. Metal Trim & Door Co. v. Hunt, 170 Okla. 240, 39 P. 2d 72, 101 A.L.R. 350. The motion should not be sustained because the pleadings are indefinite, incomplete, or state conclusions of law. First Bank of Texola v. Terrell, 44 Okla. 719, 145 P. 1140. If an issue of fact is joined upon which a valid judgment can be rendered, if supported by competent evidence, rendition of judgment upon the pleadings is improper. Smith v. Hughes, 135 Okla. 296, 275 P. 628, 65 A.L.R. 573. Whipps v. Kling Bros. & Co., 182 Okla. 382, 78 P. 2d 291.

In view of the state of the pleadings, we are of the opinion the trial court erred in sustaining plaintiff's motion for judgment thereon.

It is unnecessary to discuss the other assignments of error.

Reversed for a new trial.

ARNOLD, C.J., LUTTRELL, V.C.J., and GIBSON, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.