## NORMAN et al. v. LEACH.

No. 35300.   Jan. 27, 1953.

*252 P. 2d 1020.*

Dyer & Powers, Tulsa, for plaintiff in error.

Cleo Wilson and O. O. Leach, Tulsa, for defendant in error.

CORN, J. Plaintiff sued defendant alleging an oral contract of employment for performance of legal services; that upon conclusion of such services the parties agreed upon a fee of $750 therefor and defendant drew her check payable to plaintiff; subsequently, defendant stopped payment upon the check and as a result plaintiff's fee was unpaid and he thereby was entitled to judgment for this amount.

After other proceedings not necessary to consideration of this appeal, defendant filed an amended answer. Therein defendant admitted plaintiff's performance of certain services for which plaintiff rendered his statement for $25, which amount defendant offered to pay and tendered into court. Defendant denied plaintiff's services were worth the amount claimed, and alleged the circumstances surrounding execution of the check amounted to undue influence and plaintiff had been guilty of overreaching and duress, and that the check was wholly without consideration, the sum sought as attorney fees being excessive and unreasonable.

After argument and upon consideration of the matter the trial court sustained plaintiff's motion for judgment upon the pleadings and awarded plaintiff judgment for the amount claimed.

In appealing from the judgment rendered there is presented the single question of whether the trial court erred in sustaining plaintiff's motion for judgment on the pleadings.

The general rule as announced in 71 C.J.S., Pleading, §429, is:

"Where a material issue is tendered by the pleadings, judgment on the pleadings is improper. The motion will

be denied if an issue of fact, or a direct issue joined on any single material proposition, is made requiring the introduction of testimony by the moving party to sustain such issue. * * *"

"Judgment on the pleadings will not be rendered for plaintiff where his allegations are sufficiently controverted or where the answer sets up a good defense. * * *"

The general rule is recognized and applied in this jurisdiction. Mooney v. Phillips Pet. Co., 201 Okla. 426, 206 P. 2d 977; Butterick Co., Inc., v.. Molen, 198 Okla. 92, 175 P. 2d 311; Peoples Finance & Thrift Co. v. Fuller, 196 Okla.' 32, 162 P. 2d 189; Gilchrist v. Sutton, 191 Okla. 117, 127 P. 2d 163.

Although recognizing the rules applicable to the present situation, plaintiff urges that since defendant admitted plaintiff's performance of service, she could not plead failure of consideration without further alleging such services were incomplete; that the allegations of overreaching and duress were insufficient to raise an issue of fact, being only conclusions of the pleader.

It is universally recognized that where fraud, duress or undue influence are relied upon, the pleader should set forth material facts constituting the alleged fraudulent or oppressive conduct. 24 Am. Jur. Fraud and Deceit, §244; 17 Am. Jur. Duress and Undue Influence, §26; Burke v. King, 176 Okla. 625, 56 P. 2d 1185. However, motions for judgment on the pleadings are not favored, and pleadings which are alleged to state no cause of action, or defense, are to be construed liberally in favor of the pleader. Hendrix v. Redfern, 204 Okla. 613, 232 P. 2d 926. Neither should the motion be sustained merely because the pleadings are indefinite, incomplete, or state conclusions of law. First Bank of Texola v. Terrell, 44 Okla. 719, 145 P. 1140.

Upon numerous occasions we have pointed out that a motion for judgment on the pleadings is of the nature of both a motion and a demurrer, ad-

mitting matters of defense that are well plead. Kinsey v. Townsend, 180 Okla. 466, 70 P. 2d 92. Among other matters relied upon, defendant alleged plaintiff's purported claim arose from circumstances amounting to overreaching and duress. Although the failure to plead such circumstances with particularity opened the way for attack upon the pleading on grounds of indefiniteness, the defensive matters asserted were sufficient to controvert plaintiff's rights to recover upon the claim set out in his petition. Thus the answer was sufficient to raise a material issue of fact requiring the introduction of testimony. In such cases the motion for judgment upon the pleadings cannot be sustained. Hendrix et al. v. Redfern, supra.

We conclude that the trial court erred in sustaining plaintiff's motion and rendering judgment in his behalf.

Reversed and remanded for new trial.

JOHNSON, V. C. J., and WELCH, DAVISON, ARNOLD, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.