N. J. JONES, Plaintiff in Error,

v.

Janett BUFORD, formerly Janett P. Wess, one and the same as Mrs. J. B. Buford, Defendant in Error.

No. 38265.

Supreme Court of Oklahoma.

March 10, 1959.

C. D. Lewis, Okmulgee, for plaintiff in error.

Boatman, Pugsley & Boatman, Okmulgee, for defendant in error.

IRWIN, Justice.

This action was commenced by defendant in error as plaintiff, against plaintiff in error as defendant. Continued reference to the parties will be by their trial court designation.

Plaintiff's action is to cancel a county treasurer's deed dated June 12, 1957, to certain property in the City of Okmulgee, Oklahoma. Defendant had acquired a certificate of purchase to said property on November 8, 1950.

The petition alleged that plaintiff was the owner of the beneficial interest in the property and the naked title was held in trust for her by her sons, Wellington Wess, Jr. and John Irving Wess. That a purported county treasurer's deed was issued on June 12, 1957, deeding the property to the defendant N. J. Jones; that said deed is null and void and of no force and effect in that the notice of application for the deed was not issued to the Sheriff of Okmulgee County, Oklahoma, and by him returned as required by law. That notice of application for said deed was not served on the plaintiff, and affidavit of mailing or of nonmailing was not filed in the office of the county clerk, as required by law, and that the affidavit to obtain service by publication was false and fraudulent.

The plaintiff tendered into court the sum of $296.70, the amount of the taxes, interest and expenses paid by the defendant in procuring the treasurer's deed.

To the petition the defendant answered by way of general denial and filed a cross petition alleging that he had, previous to the execution of the treasurer's deed, occupied said property as tenant of the plaintiff until June 7, 1956, at which time his possession became that of purchaser under an oral contract between plaintiff and defendant, and that he had spent $2,471 improving the property; that he paid $1,150 of the purchase price, and upon paying the last sum of $50, he requested the plaintiff to furnish him a deed and he would pay the balance due. That plaintiff did not respond, and did not furnish the deed and he thereupon took steps to secure a county treasurer's deed. The defendant further alleged that he mailed a copy of the notice by publication of the application for the tax deed to the plaintiff on April 12, 1957. Upon motion of the plaintiff, the cross petition was stricken by the court, and exceptions allowed. The defendant then filed an amended answer in the form of a general denial and alleged he mailed a notice of the application to the plaintiff on April 12, 1957, and admitted that he did not file an affidavit of mailing with the county clerk. Defendant also alleged that he did not issue a notice of application for a tax deed and have the same served for the reason the property was not occupied and he knew the owners of said property were not living in Okmulgee County. Upon motion of the plaintiff, the amended answer, save and except the first paragraph which was a general denial, was stricken and exception allowed. The defendant then filed what he designated an answer setting up a general denial denying each and every material allegation in plaintiff's petition except the issuance, procurement and recording of the treasurer's deed.

After defendant's filing of the pleading designated as an answer, the plaintiff filed

a motion for judgment on the pleadings and on the hearing of said motion, the court sustained the same and entered judgment cancelling the county treasurer's deed. Exceptions were allowed and the defendant appealed, raising the question of the error of the trial court in sustaining the motion for judgment on the pleadings.

■ A motion for judgment on the pleadings is in the nature of a demurrer and a motion; it not only admits matters which are well plead and attacks the sufficiency thereof, but moves for a judgment on the pleadings. We adhere to the rule that if the pleadings present any issue of material fact which must be determined, a motion of judgment on the pleadings cannot be sustained. In Norman v. Leach, 208 Okl. 25, 252 P.2d 1020, 1021, we held:

"A motion for judgment on the pleadings cannot be sustained where there are issues of fact to be determined."

See also, Hill v. Black Gold Petroleum Co., 183 Okl. 468, 83 P.2d 164; Kinsey v. Townsend, 180 Okl. 466, 70 P.2d 92; Peoples Finance & Thrift Co. v. Fuller, 196 Okl. 32, 162 P.2d 189; Norick v. Jeffrey Mfg. Co., 193 Okl. 630, 146 P.2d 119; Union State Bank v. Woodside, 74 Okl. 217, 178 P. 109.

■ In the case at bar, when the motion for judgment on the pleadings was sustained, there was on file the defendant's general denial, denying each and every material allegation of plaintiff's petition except the issuance, procurement and recording of the County Treasurer's tax deed. Although the defendant had filed an amended answer in which he admitted failure to strictly comply with the provisions of Tit. 68 O.S.1951 § 451, these pleadings were stricken by the court on motion of the plaintiff and the admissions contained therein, could not be considered as conclusive. To the contrary, they are open to explanation or to be denied by the defendant, and the contents of such pleading cannot be considered unless introduced in evidence. In the case of Republic Nat. Bank of St. Louis, Mo. v. First State Bank of Oilton, 110 Okl. 299, 237 P. 578, we held:

"Matters of defense set up in an answer which has been superseded by an amended answer, complete within itself, and which does not make the original answer a part thereof, by reference or otherwise, are not conclusive upon the defendant, but may be introduced in evidence as admissions against interests subject to be denied or explained by the defendant, and the question raised between the allegations in the original answer and the testimony denying or explaining such allegations is a question of fact for the jury."

This case was cited and upheld in Busse v. Busse, 161 Okl. 159, 17 P.2d 511.

■■ In as much as the last amended answer contained a general denial, it necessarily follows there were issues of material and necessary facts before the court. We adhere to the well settled rule and hold that the sustaining of the motion constitutes reversible error. The cause is reversed and remanded for further proceedings not inconsistent with the views herein expressed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, BLACKBIRD, JACKSON and BERRY, JJ., concur.