Sam L. TENNANT, Plaintiff in Error,

v.

Clark S. DODSWORTH et al.,
Defendants in Error.

No. 38376.

Supreme Court of Oklahoma.

Feb. 2, 1960.

Raymond A. Trapp, R. L. Stimpert, Blackwell, for plaintiff in error.

Busby, Stanfield, Deaton & West, Ada, for defendants in error.

IRWIN, Justice.

Plaintiff, as assignee of certain claims, instituted action thereon against, among other defendants, the defendant Sam L. Tennant, alleging the defendant, Tennant, may have or claim some right, title or interest in and to the personal property mentioned in the petition. The defendant, Tennant, filed an answer and cross petition. The remaining defendants did not plead or answer. Thereafter the trial court sustained plaintiff's motion for judgment on the pleadings as against the defendant, Tennant. From this judgment the defendant, Tennant, perfects this appeal. The plaintiff will be referred to as Dodsworth, the defendant as Tennant.

### Pleadings

Plaintiff's petition alleged the completion of an oil and gas well on a leasehold estate in Kay County, Oklahoma in 1954; that undivided interests were held and owned by all the defendants except Tennant, at the time the well was drilled. That in May, 1957, the well was shut down and was subsequently abandoned; that the personal property used in producing the well is still located thereon and owned by the defendants, except Tennant. That after the completion of the well it was agreed by the owners of the interests that W. S. Snowden would operate the lease; that he

was to receive $50 per month and all expenses to be paid by the owners; that Snowden assigned to Dodsworth all of the accounts owed to him by the defendants, other than Tennant, and that there is due under the assignment the sum of $3,815, for which he prays judgment. As to Tennant, Dodsworth alleges Tennant may have or claim some right, title or interest in and to the personal property but such claim, if any, is without merit or legal foundation.

Prior to answer date, Tennant filed answer in form of a general denial and a cross petition in which he alleges W. S. Snowden and the other defendants were the owners of the leasehold estate as mining partners for the development, operating and managing said leasehold. That he entered into a contract with Snowden, acting for himself and the other defendants as a mining partnership, to drill a well on the lease; that the mining partnership composed of Snowden and the other defendants are justly indebted to him in the sum of $4,312.50, for the drilling of the well; that the personal property described in plaintiff's petition is an asset of the mining partnership and as such is subject to and liable for payment of his demands against the mining partnership. That Snowden is in truth and fact the real party in interest; that there was no consideration for the assignment to plaintiff and was made to enable plaintiff to bring the action on behalf of Snowden to prevent Tennant from collecting his demand. Dodsworth filed answer to the cross petition, in substance specific denials of each allegation. Upon these pleadings the motion for judgment on the pleadings was sustained.

### Contentions

Tennant contends that when an assignee of a partner's claim against the co-partners arising out of the partnership business, sues the co-partners and makes a creditor of the partnership a party defendant, such creditor may cross-petition against the partnership for the debt owing since payment of debts against the partnership is required before settlement between the partners.

Dodsworth contends the allegations in the cross petition are not properly maintainable as a counterclaim, that only well-pleaded facts are considered as true for the purpose of passing on a motion for judgment on the pleadings and that Tennant does not and cannot have lien on the partnership property.

### Issue

The determinative question presented is, was there an issue of fact tendered by the pleadings which is germane to the original action.

### Conclusions

█ We have many times held that a motion for judgment on the pleadings is designed to provoke a search of pleadings for purpose of determining whether there is an issue of fact presented by pleadings which require introduction of proof, and when proper pleadings have been filed, it tests their sufficiency and then operates as a demurrer, at the same time requesting judgment. See Welch v. Ayres, 190 Okl. 97, 121 P.2d 576.

█ We have also many times held that an assignee of a chose in action, such as Dodsworth in this case, acquires by reason of the assignment, no greater interest or rights therein than his assignor and takes it subject to all equities and defenses that existed against it in the hands of the assignor. See Standard Surety & Casualty Co. of New York v. Kelley, 197 Okl. 292, 170 P.2d 251; Massey v. Sinopoulo, 194 Okl. 355, 151 P.2d 794; Jack v. National Bank of Wichita, 17 Okl. 430, 89 P. 219; Keys v. Ponder, 118 Okl. 234, 226 P. 73, 247 P. 33, and Gillette v. Murphy, 7 Okl. 91, 54 P. 413.

█ Tennant alleged a partnership between Snowden, assignor of Dodsworth and the remaining defendants. While the allegation is very brief, it is sufficient as against a demurrer. Hendrix v. Redfern, 204 Okl. 613, 232 P.2d 926. Tennant also alleges an oral contract with Snowden, acting for himself and for the other members of the mining partnership to drill an oil and

gas well on the leasehold estate owned by Snowden and the remaining defendants, as partners, and that the partnership is indebted to him in the sum of $4,312.50. This allegation is also sufficient as against Dodsworth, assignee of Snowden, and the remaining defendants. Thus, two questions of fact are presented which, under ordinary circumstances, requires a determination by the trier of the fact. However, Dodsworth takes the position the cross complaint of Tennant does not state a cause of action germane to the matters involved in the original action. We cannot sustain this contention.

Both Dodsworth and Tennant are seeking a determination as to the amount that may be due under each individual claim. Dodsworth, an assignee of Snowden, alleges the amount due him is from the defendants other than Tennant, as individuals and not as partners of Snowden, while Tennant claims the amount due him is due by Snowden and the remaining defendants as partners. If a partnership existed as alleged by Tennant, his claim would necessarily have to be settled before Dodsworth, as the assignee of Snowden, could claim any portion of the proceeds of the sale. See Cobb v. Martin, 32 Okl. 588, 123 P. 422; Krone v. Higgins, 195 Okl. 380, 158 P.2d 471. The situation then, as disclosed by the pleadings, shows two claimants seeking to subject the proceeds from the sale of the personal property attached by the plaintiff, to the payment of the individual claims, and each claiming priority thereto.

We therefore hold the matters and things alleged and set up in Tennant's cross petition are germane to the matters involved in the original petition; are sufficient to challenge a judicial inquiry; and present an issue of fact. Where an issue of fact is presented by the pleadings, it is error for the trial court to sustain a motion for judgment on the pleadings. See White v. Knox, 126 Okl. 124, 258 P. 889; Lyons v. Lyons, 182 Okl. 108, 76 P.2d 887; and Norman v. Leach, 208 Okl. 25, 252 P.2d 1020.

The cause is therefore reversed and remanded with instructions to set aside the judgment and take further proceedings not inconsistent with the views herein expressed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, JOHNSON, BLACKBIRD, JACKSON and BERRY, JJ., concur.