Teeanna **BILES**, Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, Appellee.**

**No. 46214.**

Court of Appeals of Oklahoma,
Division No. 1.

March 19, 1974.

Released for Publication by Order of Court
of Appeals April 25, 1974.

**892**

Robert T. Keel, Oklahoma City, for appellant.

Pierce, Couch, Hendrickson, Gust & Short by Calvin W. Hendrickson, Oklahoma City, for appellee.

BAILEY, Judge:

This case is related to another case just decided by this Court, Biles v. Harris, No. 46,240, 521 P.2d 884. Both litigations arose out of the same accident this plaintiff had with an uninsured motorist. The litigation in No. 46,240 is based on plaintiff's claim of fraud in the omission of uninsured motorist and other coverage from her own policy with State Farm, while this litigation arose over her claim that she was covered also by the uninsured motorist provision in her mother's policy with State Farm.

■ In this case both the plaintiff and the defendant moved for judgment on the pleadings. The court granted the defendant's motion which the plaintiff claims was error. Under these circumstances, we necessarily are restricted in our review of the correctness of this ruling to the sufficiency of the pleadings. Hill v. Black Gold Petroleum Co., 183 Okl. 468, 83 P.2d 164 (1938). An amended answer to the plaintiff's petition · by the defendant presented two defenses: (1) Non-liability under the policy because of suit against the uninsured motorist without the insurer's consent, and (2) Non-liability on this policy under the Other Insurance clause because of a prior payment under plaintiff's own policy with this defendant. No reply was made to this amended answer by the plaintiff and so its averments are admitted. 12 O.S.1971, § 306.

Consequently in reviewing the judgment on the pleadings for the defendant, we must determine whether the petition stated a cause of action for the plaintiff, and, if it did, whether either of these defenses in the amended answer was a good defense. No other issues except these are presented or argued in the briefs on this appeal. If either defense is valid or if the petition fails to state a cause of action, then judgment on the pleadings was properly entered for the defendant. Otherwise the judgment must be reversed.

■ Both defenses in the amended answer relate to provisions in the policy which the defendant says are conditions or limitations which preclude liability on the policy. So far as the petition is concerned, the plaintiff may, if her other averments or exhibits do not otherwise show limitations or conditions on the promise of the defendant, merely plead the promise without exhibiting or revealing that the promise is conditional. If other allegations are sufficient, such a petition states a cause of action quite as well as one which reveals that the promise is conditional and then avers performance or compliance with the conditions since an independent promise is as enforceable as a conditional promise where the conditions have been met. Wilson v. Wilson, 157 Me. 119, 170 A.2d 679 (1961); World Broadcasting System v. Eagle Broadcasting Co., 162 S.W.2d 463 (Tex.Civ.App.1942); Ramlose v. Dollman, 100 Mo.App. 347, 73 S.W. 917 (1903); Grismore on Contracts § 108 (Rev. ed. Murray 1965). (There may be some question of variance in proof if subsequent pleading does not reveal that the promise is conditional and the discrepancy turns up

when the evidence is put in—but this is not a problem in this case where we are only at the pleading stage.)

■ It appears to us that this is the manner in which the plaintiff has pleaded liability on the policy in this instance. The only allegations as to defendant's promise under the policy are:

"2. That the defendant, State Farm Mutual Automobile Insurance Company issued its policy No. 865–849–B26–36B, a copy of the face of which is attached hereto and marked Exhibit 'B', the remaining contents of the same being well known to the defendant; that by virtue of the terms and conditions of said policy, Teeanna Biles is an 'insured' under the provisions of said policy; that under the terms and conditions of said policy, the defendant agreed to pay up to the sum of $10,000.00 for damages sustained by the insured as the result of the negligence of an uninsured motorist."

It seems to us that this states an unconditional or independent promise of the defendant to pay $10,000. for damages to the plaintiff due to negligence of an uninsured motorist. As such it states a cause of action. In determining the sufficiency of the averments in the petition, we cannot assume that the promise of the insurer is conditional when this fact does not appear from the face of the petition. See James v. Unknown Trustees, 203 Okl. 312, 220 P.2d 831 (1950).

■ In response to this petition the defendant might have relied upon merely a general or specific denial of these averments and required the plaintiff to prove such an unconditional promise at the trial. Morgan, Denials in an Oklahoma Answer, 13 Okla.L.Rev. 288 (1960). Instead, State Farm chose to set out additional facts in its amended answer which charge that the promise to pay $10,000. is subject to conditions not met or limitations spelled out in the policy. If these limitations or conditions preclude liability on the promise, then in the absence of a reply they are admitted

and the defendant properly was given judgment on the pleadings.

First, State Farm alleged in its amended answer that the promise to pay for damages caused by an uninsured motorist was conditioned by this provision in the policy:

"No judgment against any· person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company."

It also alleged that the plaintiff sued and recovered a judgment against the uninsured motorist without the consent of the defendant State Farm.

■ Despite the "no action" clause in the policy, providing that "No action shall lie against the company: (a) Unless as a condition precedent thereto there shall be full compliance with all terms of this policy. . . ." we do not construe the "no consent" provision as imposing a condition precedent to an action on the policy since it does not purport to be a condition precedent to action or liability on the policy but merely a limitation on the methods the insured may use to prove the liability of, and amount of damage caused by, the uninsured motorist. Criterion Insurance Co. v. Brown, 469 S.W.2d 484 (Tex.Civ. App.1971). It simply provides that a judgment against the uninsured motorist shall not be *conclusive* proof of the uninsured motorist's liability and the extent of damages if the suit and judgment are without the insurer's consent. This provision allows the insurer to contest these issues when the insured relies on the judgment against the uninsured motorist if the insurer can show that it has not consented to that suit and judgment and so has not yet had its opportunity to litigate these questions crucial to its liability. Gulf American Fire & Casualty Co. v. Gowan, 283

Ala. 480, 218 So.2d 688 (1969); Criterion Insurance Co. v. Brown, supra; 19 Couch, Cyclopedia of Insurance Law § 82.1:5 at p. 1072 (Cum.Supp.1973). Therefore lack of consent of the insurer to the judgment against the uninsured motorist is not a complete defense to this action on its promise to pay damages caused by an uninsured motorist and is not an adequate basis for judgment on the pleadings for State Farm on its amended answer. The petition still states a cause of action despite noncompliance with this provision which only limits the evidentiary effect of the judgment against the uninsured motorist.

■ Even if the "no consent" provision is interpreted to preclude any reliance by the insured upon the prior judgment against the uninsured motorist when taken without consent of the insurer (and though we do not so read it, some support for this construction may be found in Johnson v. United Services Auto. Assoc., 462 P.2d 664 (Okl.1969)) lack of consent would still not be a complete defense since the insured would simply have to prove the uninsured motorist's liability and the extent of the damages again in this suit and that such damages exceeded the amount of the policy coverage. While not stated in any detail, there are allegations in the petition under which such proof could be made, from which it can be fairly inferred under our liberal construction of pleadings that the nonresident motorist was negligent and that the damages caused exceeded the policy limit irrespective of the judgment against the uninsured motorist. It is averred that the plaintiff ". . . was involved in an automobile collision with an uninsured motorist receiving permanent and disabling injuries" and that the "defendant agreed to pay up to the sum of $10,000.00 for damages sustained by the insured as the result of the negligence of an uninsured motorist." A petition is not insufficient in Oklahoma on a motion for judgment on the pleadings if it states a cause of action under any conceivable theory. C. E. Sharp Lumber Co. v. Kansas Ice Co., 42 Okl. 689, 142 P. 1016 (1914). Absent any motion to make definite, on a motion for judgment on the pleadings the above averments in the petition are sufficient even if the judgment against the uninsured motorist has no effect because taken without consent of the insurer. See Norman v. Leach, 208 Okl. 25, 252 P.2d 1020 (1953).

■ If the "no consent" and "no action" provisions were construed otherwise, to preclude any action or recovery at all against the insurer in the absence of such consent, we think that such provisions would be inconsistent with the legislative policy expressed in 36 O.S. 1971, § 3636 which requires insurers to provide uninsured motorist coverage in their policies in the same minimum amounts required by law for liability coverage. So construed, such provisions would be invalid and unenforceable. Appling v. Jones, 115 Ga.App. 301, 154 S.E.2d 406 (1967). Cf. Boughton v. Farmers Insurance Exchange, 354 P.2d 1085 (Okl.1960).

■ Both parties have devoted considerable argument in brief to the effect, if any, which noncompliance with an arbitration provision in the policy might have upon the "no consent" clause. As a part of the uninsured motorist coverage, this policy provides that if the parties are unable to agree on the liability of the uninsured motorist or the amount of damages, determination is to be made ". . . by arbitration provided that if agreement by arbitration is not reached within 3 months of the date of demand, the insured may sue the tort-feasor." Such a provision is permitted by 36 O.S. 1971, § 3636. However, noncompliance with the arbitration clause is nowhere presented as a defense in the answer or amended answer and there is not reference in the petition to this provision. Certainly we cannot determine nor may the trial judge, that the defendant is entitled to a judgment on the pleadings upon a defense not pleaded. Any defense not presented in the answer is waived. Therefore we give this arbitration provi-

sion no consideration but treat it as waived or abandoned for purposes of this appeal.

The other defense pleaded in the amended answer is that the plaintiff has recovered $10,000. under her own policy with State Farm and now is precluded from recovering in this suit under her mother's policy with State Farm under the "other insurance" provisions which each policy includes:

"9. Other Insurance. Subject to the foregoing paragraph, under coverage U if the insured has other similar insurance available to him against a loss covered by this coverage, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable under this coverage for a greater proportion of the applicable limit of liability of this coverage than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance."

The foregoing paragraph mentioned above states:

"Under coverage U with respect to bodily injury to an insured while occupying a motor vehicle not owned by the named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance."

In its brief State Farm says, in effect, that it did not rely upon this defense in its motion for judgment on the pleadings. It makes no argument in its brief in support of the efficacy of these "other insurance" provisions to preclude recovery in this case. We therefore content ourselves with the short statement that this is not a sufficient defense and will not support the judgment on the pleadings for the defendant. In a jurisdiction which requires uninsured motorist coverage if the insured wants liability coverage (as does Oklahoma), such provisions have been construed for various reasons not to preclude recovering the maximum uninsured motorist coverage under separate policies so long as the insured does not recover more than his actual loss or damage. Werley v. United Services Automobile Assoc., 498 P.2d 112 (Alaska 1972); Fidelity and Casualty Co. of New York v. Gatlin, 470 S.W.2d 924 (Tex.Civ.App.1971); Sellers v. United States Fidelity & Guaranty Co., 185 So.2d 689 (Fla.1966); Bryant v. State Farm Mut. Auto. Ins. Co., 205 Va. 897, 140 S.E. 2d 817 (1965).

Since the defenses of the defendant in its amended answer, though admitted in the absence of a reply, are insufficient and the petition on its face states a cause of action, it was error to sustain a judgment for the defendant on the pleadings. Reversed for further proceedings consistent with this opinion.

Reversed and remanded.

BOX, P. J., and ROMANG, J., concur·