468

METCALF STATE BANK, a corporation, Appellee,

v.

Billie F. GAITHER, Charles Balestrino, and Adolph Eifert, Appellants.

No. 50473.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 20, 1977.

Rehearing Denied Oct. 18, 1977.

Certiorari Denied March 8, 1978.

Released for Publication by Order of Court of Appeals March 13, 1978.

Bassman, Mayberry, Scarth & Murray, Claremore, Paul J. Johanning, Oklahoma City, for appellee.

Jack I. Gaither, Tulsa, for appellants.

BOX, Judge:

An appeal by certain defendants and cross petitioners from the granting of a summary judgment on behalf of plaintiff.

This case arises from an industrial bond issue of Claremore Industrial Authority, a public trust of which the City of Claremore is beneficiary. Appellants (Bondholders) are the owners of some of the bonds. Appellee, Metcalf State Bank, is the trustee for the bond issue under the "Indenture of Mortgage and Trust, Security Agreement and Assignment of Rentals" providing for the issuance of and the security for the bonds.

The Indenture required the Bank to pay the net proceeds of the bonds to the corporate lessee of the facilities being financed with the bond proceeds. The lease provided for the ·corporate tenant to pay certain rentals in amounts sufficient to pay the principal and interest on the bonds.

The corporate tenant defaulted in the payment of rentals and the Bank, together with said Authority and City, after having given notice of termination of the lease and acceleration of rentals, brought this action to supervise the administration of that portion of the trust estate of the Authority involved in the bond issue pursuant to 60 O.S.1971, § 175.23. All bondholders, known and unknown, were joined as parties defendant. Copies of the Indenture, the lease and notice were attached as exhibits to the Petition.

The appellants Billie F. Gaither, Charles Balestrino and Adolph Eifert, subsequently filed identical cross-petitions asserting breaches of fiduciary duty on the part of the Bank. The Bank moved for summary judgment which was sustained by the trial court on the ground that there was no substantial controversy as to any material fact.

Appellants contend that the trial court committed error in sustaining appellee's motion for a summary judgment. We agree.

The authorized procedure for summary disposition in Oklahoma is set out in Rule 13 of the District Court Rules providing for judgment where facts are not controverted. Rule 13 states:

A party may move for judgment in his favor on the ground that the *depositions, admissions, answers to interrogatories,* and *affidavits* on file, filed with his motion or subsequently filed with leave of court show that there is no substantial controversy as to any material fact. . . (Emphasis added.)

A determination of the existence or nonexistence of a substantial controversy as to any material fact may be made by considering (1) depositions, (2) admissions, (3) answers to interrogatories, and (4) affidavits. In the case at bar, there were no depositions, admissions, answers to interrogatories, or affidavits. Thus appellee's motion cannot be considered under Rule 13, inasmuch as there is a complete absence of any of the requisite bases for a proper determination that no substantial controversy exists.

Appellee cites the case of *Perry v. Green*, 468 P.2d 483 (Okl.), wherein the syllabus reads as follows:

When on motion for summary judgment it appears from *pleadings*, affidavits, depositions, admissions, answers to interrogatories or other instruments properly before the Court that there are no genuine issues as to material facts or that admitted facts justify but a single inference therefrom, it is not error to grant summary judgment. (Rule 13—Judgment Where Facts Not Controverted, Title 12 O.S. Ch. 2 Appendix-Rules for the District, Superior and Common Pleas Courts of Oklahoma.) (Emphasis added.)

A careful reading of the *Perry* case reveals that the court had before it plaintiff's petition, defendant's answer, the plaintiff's reply and a deposition by the plaintiff, taken by the defendant. Therefore the using of the word pleadings by the Supreme Court would indicate that said pleadings are only a part of the matters to be considered by the trial court in ruling on a motion for summary judgment.

■ Appellee suggests that the motion of appellee should be treated as a demurrer to the cross-petition. The Supreme Court in the case of *Weeks v. Wedgewood Village, Inc.*, 554 P.2d 780 at p. 784 stated "Motions for summary judgment do not admit all the well pleaded facts in a petition." Thus the appellee's motion cannot be considered as a demurrer.

■ If appellee's motion has any standing as a proper pleading, it must be considered as a motion for judgment on the pleadings. The Supreme Court in the case of *Hill v. Anderson*, 363 P.2d 849 at p. 852[1–10] stated as follows:

. . . A motion for judgment on the pleadings is in the nature of a demurrer. It tests the sufficiency of the pleadings and presents a question of law as to whether the facts as alleged are sufficient to state a cause of action or a defense. *Hill v. Black Gold Petroleum Co.*, 183 Okl. 468, 83 P.2d 164. Such motions are not favored by the courts, and pleadings asserted to state no cause of action or defense are to be construed liberally in favor of the pleader. *Hendrix v. Redfern*, 204 Okl. 613, 232 P.2d 926. Every

legal intendment is indulged in support of the challenged pleading. If such pleading may be construed to state a cause of action, a motion for judgment on the pleadings cannot be sustained merely because some allegations appear indefinite or express pure legal conclusions. *First National Bank v. Humphreys*, 66 Okl. 186, 168 P. 410. A motion for judgment on the pleadings is not directed at the form of the pleadings, but goes to their substance. It does not assail indefiniteness, uncertainty or clerical errors, and can raise only such questions as may be presented on a general demurrer. Issues of fact cannot be resolved on such a motion. A judgment on the pleadings is not rendered because of an absence of proof, but because of a lack of issues of fact. Only when the pleadings present no material issues of fact, the question of which party is entitled to a judgment becomes one of law. *Mires v. Hogan*, 79 Okl. 233, 192 P. 811; *Johnson v. Eagle*, Okl., 355 P.2d 868.

■ The Cross-Petitions of the appellants state a cause of action against the appellee. Under First Cause of Action it is alleged that Metcalf State Bank, Trustee, breached its duties under the written Trust Indenture in that: (1) It failed to enforce the written Lease Agreement as it was obligated to do, (2) it carelessly disbursed the trust funds to the lessee without using ordinary care and judgment to determine that the funds would be applied to lawful, permitted and intended purposes, and (3) it failed to monitor the application of the funds after disbursement to insure proper application thereof by requiring notices of completion of each item of the facilities and by requiring quarterly reports describing items completed for inclusion in the facilities, all as required by the terms of the written lease agreement. Clearly Rule 13, supra, was not intended to be used as a means of testing the pleadings. For duties pertaining to a trustee see *Pipkin v. Pipkin*, 393 P.2d 534, Syl. 4 (Okl.); also *Finley v. Exchange Trust Co.*, 183 Okl. 167, 80 P.2d 296.

The order of the trial court sustaining appellants' Motion for Summary Judgment and the dismissal of appellee's cross-petition is ordered set aside and the trial court is directed to proceed with the action.

REVERSED AND REMANDED.

REYNOLDS, P. J., and ROMANG, J., concur.